**STATE of Missouri, Respondent,**

v.

**Casey HOLLINS, Appellant.**

**No. ED 93796.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 15, 2011.

Montgomery's trial counsel had previously cross-examined Prostic in.

Alexandra E. Johnson, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Terrence M. Messonnier, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Casey Hollins ("Defendant") appeals from the trial court's judgment and sentence after a jury found him guilty of the Class B felony assault in the first degree, armed criminal action, and unlawful use of a weapon. We affirm in part and remand in part.

## I. BACKGROUND

On June 20, 2008, Defendant drove by the building where Tammy Williams ("Williams") lived, and shouted that he was "healed up", that it was "time for war", and that he was about to get revenge. Defendant had been shot by a person standing outside Williams's building earlier in the month. About 15 minutes after Defendant drove by Williams's house shouting, Williams was standing on her porch when she saw Defendant driving on the street in front of her building in a minivan with the driver's side closest to the building. Williams could see a gun held partially out the driver's side window, and someone yelled to get down. Then Williams heard between seven and nine gunshots.

Lorenzo Phillips ("Phillips") was standing next to Williams's car at the time the shots were fired and was struck in the foot by a bullet. Two other people were grazed by bullets.

Defendant was charged with class B felony assault in the first degree, armed criminal action, and class B felony unlawful use of a weapon.

Defendant's mother, Mariethia Henry ("Henry") and Kimberly Poston ("Poston") testified for Defendant. They stated that on June 19, 2008, Defendant and Henry were at the Wabash Valley Correctional

Center in Indiana where Defendant's brother was receiving a college degree. They testified that Defendant stayed with Henry in Indiana till June 21, after which Defendant returned to St. Louis.

The jury returned a verdict of guilty on the three charges. The trial court sentenced Defendant to concurrent terms of twenty-five years for class B assault in the first degree and armed criminal action and fifteen years for unlawful use of a weapon. However, the written sentence and judgment incorrectly reflected that Defendant had been found guilty of Class A felony assault in the first degree. Defendant appeals.

## II. DISCUSSION

■ In Defendant's first point on appeal he argues that the trial court erred and exceeded its jurisdiction in sentencing Defendant to the Class A felony of assault in the first degree, in that the offense was charged as a Class B felony in the indictment and the was submitted to the jury as a Class B felony. We agree.

■ In the indictment, the State charged Defendant with the Class B felony of assault in the first degree. Further, during the judgment and sentencing, the trial court stated that Defendant was charged with Class B assault in the first degree. The only document that indicates a Class A assault in the first degree charge is the check box on the written judgment. Both Defendant and the State agree that the written judgment fails to accurately reflect the indictment and the oral judgment and sentencing of guilty of the Class B felony of assault in the first degree. When the written judgment fails to accurately reflect the oral judgment, this Court can direct the circuit clerk to correct the mistake via an order nunc pro tunc. *State v. Scott*, 298 S.W.3d 913, 918 (Mo.App.E.D.2009).

Because the written judgment does not accurately reflect the indictment or the oral judgment and sentencing, we remand to the trial court with directions to correct the clerical error on the written judgment, changing it to reflect the Class B felony of assault in the first degree. Point granted.

■ In Defendant's second point on appeal, he argues that the trial court erred in denying Defendant's motion for acquittal because the State failed to prove beyond a reasonable doubt that Defendant intended to shoot Williams. We disagree.

This Court reviews the sufficiency of the evidence in the light most favorable to the finding of guilt. *State v. Belton*, 153 S.W.3d 307, 309 (Mo. banc 2005). This Court makes all reasonable inferences in support of that finding and disregards all evidence and inferences contrary to the finding. *Id.* Evidence is sufficient to support guilt if a reasonable inference supports guilt even if other "equally valid" inferences do not. *State v. Freeman*, 269 S.W.3d 422, 424–25 & n. 4 (Mo. banc 2008). The credibility and weight to be given to testimony is a matter for the fact-finder to determine. *State v. Crawford*, 68 S.W.3d 406, 408 (Mo. banc 2002). The fact-finder may believe all, some, or none of the testimony of any witness. *Id.*

Defendant first argues that the jury question during deliberation shows that there was insufficient evidence presented to the jury. During deliberation, the jury asked:

> Does the wording in Count I mean the defendant was trying to kill Tamara Williams or does it mean he was randomly firing with the intent to kill someone? Also if we find him not guilty of Count I, can we still find him guilty?

The court responded that the jury had to be guided by the instructions as given.

However, the question of sufficiency arises before the case is even put to the jury. *State v. Johnson,* 316 S.W.3d 491, 498 (Mo.App. W.D.2010). Rather, sufficiency of evidence is a question of whether or not a case should have been submitted to the jury. *Id.* Therefore, we do not find Defendant's first sufficiency argument persuasive.

Defendant next argues that because there was no evidence that a bullet came near Williams, there was insufficient evidence that Defendant was aiming at Williams. However, there was evidence that shots were fired near where Williams was standing on the porch, and that Williams had heard Defendant make statements about getting revenge. Further, Williams testified without objection, that she had heard rumors that if Defendant didn't hurt the person who had shot him, he was going to hurt Williams. We find that this is sufficient evidence from which the jury could have found that Williams was Defendant's intended target. Point denied.

## III. CONCLUSION

We remand to the trial court with instructions to correct the written judgment to reflect that Defendant was found guilty of the Class B felony of assault in the first degree.

KENNETH M. ROMINES, J., and JOHN BERKEMEYER, SP. J., concur.