**STATE of Missouri, Respondent,**

v.

**Leonard Leroy CANNAFAX, Appellant.**

**No. SD 30327.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 22, 2011.

280

Chris Koster, Attorney General and James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Presiding Judge.

Following a bench trial, Leonard Leroy Cannafax ("Cannafax") was convicted on two counts of first-degree statutory rape and four counts of first-degree statutory sodomy involving his three daughters, K.L., N.L., and V.L. Cannafax was sentenced to concurrent terms of 25 years' imprisonment on each count. This appeal followed. We affirm the judgment of the trial court.

---

Kent Denzel, Columbia, MO, for Appellant.

## Factual and Procedural History

An Amended Information charged Cannafax with six offenses against his three daughters:

| COUNT | CHARGE | CONDUCT | VICTIM | DATE RANGE |
|-------|--------|---------|--------|------------|
| I | First Degree Statutory Rape | Intercourse | V.L. | 11/06/99–06/06/06 |
| II | First Degree Statutory Sodomy | Hand–Vagina | V.L. | 11/06/99–06/06/06 |
| III | First Degree Statutory Rape | Intercourse | V.L. | 06/07/06–11/05/08 |
| IV | First Degree Statutory Sodomy | Hand–Vagina | V.L. | 06/07/06–11/05/08 |
| V | First Degree Statutory Sodomy | Hand–Vagina | N.L. | 01/01/99–07/21/05 |
| VI | First Degree Statutory Sodomy | Hand–Vagina | K.L. | 12/06/97–12/06/02 |

A bench trial was held on November 2 and 3, 2009. Viewed in the light most favorable to the trial court's verdict, the evidence adduced at trial revealed the following.

K.L. was born on December 7, 1990. When K.L. was ten years old, her father—Cannafax—touched her vagina with his hands. The abuse continued for about a month, until K.L. demanded that Cannafax stop.

K.L.'s younger sister, N.L., was born on July 22, 1993. When N.L. was eight or nine years old, Cannafax used his hands to touch her breasts and vagina underneath her clothing.

V.L., the youngest of Cannafax's daughters, was born on November 6, 1994. Cannafax began sexually abusing V.L. when she was between seven and nine years old. He used his hands to rub her breasts and her vagina. Cannafax also had sexual intercourse with V.L. multiple times. Sometimes V.L. told him to stop, but he did not listen. Cannafax engaged in this conduct at each of the three houses where the family resided after the abuse began—Walnut Street, Camden Street, and Farm Road 239, all in Greene County. Cannafax

continued this sexual abuse until V.L. was thirteen or fourteen years old.

In the winter of 2008, V.L. attended a school dance and at that time, she reported the abuse to her principal and the police. She saw a Sexual Assault Forensic Examiner who discovered transections to V.L.'s hymen consistent with sexual abuse. At that time, the family was living on North Farm Road 239.

During the subsequent investigation, Cannafax voluntarily agreed to speak with the police. He admitted he had engaged in sexual conduct with each of his daughters, including having sexual intercourse with V.L., three to four times. Cannafax claimed he had done it not for his own enjoyment, but to educate his daughters about love and sex. Although Cannafax admitted he touched the genitals of K.L. and N.L. with his fingers, he denied he actually penetrated either of them. However, Cannafax also said that if they started getting wet, he "pulled [his] finger out of there." He told investigators he was relieved that he had not gotten any of his daughters pregnant. Cannafax admitted continuing to sexually abuse V.L. while living on Camden Street, and for about a year while living on Farm Road 239.

On November 3, 2009, after hearing all the evidence, the trial court found Cannafax guilty on all counts and sentenced Cannafax to six concurrent terms of 25 years' imprisonment.

In this appeal, Cannafax challenges the sufficiency of the evidence to support three of his six convictions—the statutory sodomy conviction involving K.L., and one statutory rape and one statutory sodomy conviction involving V.L. Additionally, Cannafax argues the change in the definition of "dangerous felony" subjected him to more extensive and collateral effects than was supported by the evidence.

The primary issues necessary for resolution of this appeal are:

1. Was there sufficient evidence to support the conclusion Cannafax engaged in deviate sexual intercourse with K.L.?

2. Did the trial court abuse its discretion in finding sufficient evidence showed that the *corpus delicti* was proven with regard to Count VI and admitting Cannafax's out-of-court statements?

3. Was it necessary for the State to prove the offenses in Counts III and IV occurred during the period alleged in the Amended Information?

4. Was there sufficient evidence to support the conclusion that the offenses in Counts III and IV were committed against V.L. before her fourteenth birthday?

5. In order for Cannafax's offenses to be subject to the eighty-five percent rule under section 558.019.3, RSMo Cum.Supp.2005,[1] must sufficient evidence be adduced to show the offenses occurred after the 2003 amendment to the definition of "dangerous felony" became effective?

## Point I: Sufficiency of Evidence— Count VI

First, Cannafax alleges the evidence was insufficient to sustain his conviction on Count VI of first-degree statutory sodomy of K.L., between December 6, 1997 and December 6, 2002. Cannafax contends the evidence was insufficient to prove either: (1) Cannafax touched K.L.'s vagina after August 28, 2000, when the amendment to the definition of "deviate sexual intercourse" became effective; or (2) Canna-

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

fax's finger penetrated K.L.'s vagina when he touched it. We are not persuaded by Cannafax's argument.

## Standard of Review

■ " 'The standard of review in a court-tried case is the same as in a jury-tried case.' " *State v. Craig*, 287 S.W.3d 676, 681 (Mo. banc 2009) (quoting *State v. McKinney*, 253 S.W.3d 110, 113 (Mo.App. W.D.2008)). "When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt." *State v. Belton*, 153 S.W.3d 307, 309 (Mo. banc 2005). " '[T]his Court accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the finding.' " *Craig*, 287 S.W.3d at 681 (quoting *McKinney*, 253 S.W.3d at 113). Even if the evidence would support two equally valid inferences, only the inference that supports the finding of guilt can be considered. *State v. Chaney*, 967 S.W.2d 47, 54 (Mo. banc 1998). " 'The function of the reviewing court is not to reweigh the evidence, but to determine if the conviction is supported by sufficient evidence.' " *State v. McCleod*, 186 S.W.3d 439, 443 (Mo.App. W.D.2006) (quoting *State v. Mann*, 129 S.W.3d 462, 467 (Mo.App. S.D. 2004)).

■ The reliability, credibility, and weight of witness testimony are for the fact-finder to determine. *State v. Sumowski*, 794 S.W.2d 643, 645 (Mo. banc 1990).

It is within the fact-finder's province to believe all, some, or none of the witness' testimony in arriving at its decision. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989).

## Analysis

The definition of "deviate sexual intercourse," a necessary element of first-degree statutory sodomy, was amended in August 2000. Prior to the 2000 amendment, hand-to-genital contact qualified as "deviate sexual intercourse" only if it involved penetration, however slight. § 566.010(1), RSMo 1994.[2] The definition was amended to also include contact between a person's hand and another's genitals, effective August 2000.[3] Cannafax is correct that the amendment to the definition of "deviate sexual intercourse" changed what conduct constituted the crime of sodomy under section 566.062, and expanded it to include contact between a person's hand and another's genitals. Nevertheless, sufficient evidence was presented at trial from which the trial court could reasonably conclude Cannafax touched K.L.'s vagina when K.L. was ten years old—after the 2000 amendment became effective—and that there was evidence from which the trial court could infer Cannafax had penetrated K.L.'s vagina when he touched her.

■ First, there was sufficient evidence from which the trial court could have reasonably concluded Cannafax touched

---

2. Section 566.010(1), RSMo 1994 states:

(1) *"Deviate sexual intercourse"* means any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person[.]

3. Section 566.010(1), RSMo 2000 states:

(1) *"Deviate sexual intercourse"*, any act involving the genitals of one person and the *hand,* mouth, tongue, or anus of another person or a sexual act involving penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person[.]

(Emphasis added).

K.L.'s genitals after August 26, 2000, when penetration was no longer required to qualify "touching" as "deviate sexual intercourse." At trial, K.L. testified she was in "third or fourth [grade]" "when something happened." In response to the prosecutor's question of how old she was, K.L. answered, "I don't remember. Like ten or something." K.L. turned ten years old on December 7, 2000. Again, "[t]he credibility and weight to be given to testimony is a matter for the fact-finder to determine." *State v. Hollins*, 331 S.W.3d 342, 344 (Mo. App. E.D.2011). Appellate courts accord the fact-finder deference because the fact-finder is in a superior position "not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record." *Essex Contracting, Inc. v. Jefferson County*, 277 S.W.3d 647, 652 (Mo. banc 2009). Here, it was within the trial court's discretion to find K.L.'s testimony credible that she was ten years old when the abuse occurred. As such, any touching that occurred when K.L. was ten years old (or older) had to have happened following the August 28, 2000 amendment, when proof of penetration was unnecessary to establish "deviate sexual intercourse."

Additionally, there was sufficient evidence from which the trial court could have concluded penetration occurred when Cannafax touched K.L.'s vagina, which would qualify the touching as "deviate sexual intercourse" whether it took place before or after the August 2000 amendment. Cannafax made several comments to police supporting a conclusion of penetration. Notably, when Cannafax explained to the interviewing detective that he believed his daughters were "sexually advanced" and enjoyed engaging in sexual activity with him, the detective asked Cannafax whether the girls got "wet" and Cannafax answered that "if they started getting wet, I pulled my finger out of there."

From this evidence, it was reasonable for the trial court to have inferred Cannafax not only touched the outer area of K.L.'s genitals, but also penetrated her with his finger. Accordingly, under either definition, there was sufficient evidence for the trial court to conclude, beyond a reasonable doubt, that Cannafax engaged in deviate sexual intercourse with K.L. Point I is denied.

### Point II: *Corpus Delicti*—Count VI

Next, Cannafax claims his out-of-court confession was improperly admitted into evidence because the State failed to offer sufficient independent proof of *corpus delicti* with regard to Count VI, the first-degree statutory sodomy of K.L. Specifically, Cannafax contends K.L.'s testimony that Cannafax touched her " 'near where [she] go[es] pee' " neither proves nor implies that Cannafax touched her vagina and thus, does not provide the independent proof necessary to establish the *corpus delicti*. We disagree.

### Standard of Review

" 'A trial court has broad discretion to admit or exclude evidence at trial.' " *State v. Hitchcock*, 329 S.W.3d 741, 749 (Mo.App. S.D.2011) (quoting *State v. Madorie*, 156 S.W.3d 351, 355 (Mo. banc 2005)). An abuse of discretion occurs where the ruling is clearly against the logic of the circumstances and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. *State v. Davis*, 318 S.W.3d 618, 630 (Mo. banc 2010). An evidentiary ruling must be affirmed " 'unless there is a substantial or glaring injustice.' " *State v. Rios*, 314 S.W.3d 414, 420 (Mo.App. W.D.2010) (quot-

ing *Romeo v. Jones,* 144 S.W.3d 324, 332 (Mo.App. E.D.2004)).

## Analysis

■■■ Generally, "an accused's extra-judicial admissions, statements, or confessions are not admissible *unless* there is independent proof, circumstantial or direct, of the corpus delicti's essential elements." *State v. Benton,* 812 S.W.2d 736, 740 (Mo.App. W.D.1991). In any criminal case, the *corpus delicti* consists of the following two elements: " '(1) proof, direct or circumstantial, that the specific loss or injury occurred, and (2) someone's criminality as the cause of the loss or injury.' " *Id.* (internal citation omitted). "The *corpus delicti* rule is essentially evidentiary in nature because it determines whether the defendant's confession of guilt may be considered substantive evidence of guilt." *State v. Miller,* 139 S.W.3d 632, 637 (Mo. App. S.D.2004). "Evidence of the corpus delicti need not have preceded the admission of defendant's statement, as long as the essential elements of the case were proved by the end of the trial." *State v. Page,* 580 S.W.2d 315, 318 (Mo.App. E.D. 1979); *accord Madorie,* 156 S.W.3d at 355. It is the State's burden to establish the *corpus delicti. State v. Sardeson,* 220 S.W.3d 458, 470 (Mo.App. S.D.2007).

■■■ The State is *not* required, however, to produce "absolute proof independent of [the defendant's] statement or confession that a crime was committed...." *Madorie,* 156 S.W.3d at 355. " 'All that is required is evidence of circumstances tending to prove the *corpus delicti* corresponding with the confession.' " *Id.* (quoting *State v. Hahn,* 640 S.W.2d 509, 510 (Mo. App. S.D.1982)). If there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and correspond with circumstances and the confession, both the circumstances and the confession

may be considered in determining whether the *corpus delicti* is sufficiently established in a given case. *Sardeson,* 220 S.W.3d at 470–71. " '*Slight corroborating facts* are sufficient to establish the corpus delicti.' " *Madorie,* 156 S.W.3d at 355 (quoting *Hahn,* 640 S.W.2d at 510).

■■■ Here, Cannafax admitted in his police interview that he had touched K.L.'s "outer parts." It is clear from context that he is talking about touching K.L.'s genitals—Cannafax claimed that his purpose in touching her was to give her sexual experience and show her what pleasurable sexual feelings were like. Separate evidence presented at trial provided the requisite "slight corroboration" necessary to establish the *corpus delicti* and permit the admission of this and other extrajudicial confessions. Notably, K.L. testified that Cannafax had done something inappropriate with her body; his hands had touched "[t]he parts where children are made[ ]" "near where [she] go[es] pee." K.L.'s testimony clearly corroborated Cannafax's admission that he had touched her genitals with his hand. Thus, K.L.'s testimony showed both elements of *corpus delicti.* Under the facts of this case, the trial court did not abuse its discretion in finding the *corpus delicti* was proven and admitting Cannafax's confession. Cannafax's second point is denied.

## Point III: Sufficiency of Evidence—Counts III and IV

Cannafax's third point relied on asserts the trial court erred in overruling Cannafax's motion for judgment of acquittal and entering convictions on Count III (first-degree statutory rape) and Count IV (first-degree statutory sodomy) because the evidence was insufficient to establish beyond a reasonable doubt that the alleged conduct occurred between June 7, 2006 and November 5, 2008, or that V.L. was under

fourteen years of age at the time of such conduct. We disagree.

## Standard of Review

■ " 'We review the denial of a motion for a judgment of acquittal to determine whether the [S]tate adduced sufficient evidence to make a submissible case.' " *State v. Barnes,* 245 S.W.3d 885, 888–89 (Mo.App. E.D.2008) (quoting *State v. Agnew,* 214 S.W.3d 398, 400 (Mo.App. E.D.2007)).

## Analysis

■ Specifically, Cannafax claims the State made time of the essence because the State sought to impose lifetime supervision as a consequence of the convictions, a penalty that could only apply if the offenses occurred on or after August 28, 2006; thus, his convictions cannot stand without evidence as to the dates his crimes occurred. In support, Cannafax cites to *State v. Price,* 980 S.W.2d 143, 144 (Mo. App. E.D.1998), for the proposition that the State is held to proof of the elements of the offense it charged, not the one it might have charged. Cannafax argues that by seeking to qualify him for lifetime supervision, the State was obligated to prove his offense occurred within the applicable dates alleged in Counts III and IV of the Amended Information. Cannafax's argument, however, is " 'fundamentally flawed because it ignores the well-settled law of this state that, in sex offense cases, time is not of the essence.' " [4] *State v.*

*Bunch,* 289 S.W.3d 701, 703 (Mo.App. S.D. 2009) (quoting *State v. Carney,* 195 S.W.3d 567, 571 (Mo.App. S.D.2006)). " 'Because time is not an essential element of the crime, the [S]tate is not confined in its evidence to the precise date stated in the Amended Information, but may prove the offense to have been committed on any day before the date of the information and within the period of limitation.' " *Id.* (quoting *Carney,* 195 S.W.3d at 571) (internal citation and quotation omitted).[5]

■ Here, Cannafax has mistaken a statutory prerequisite for determining Cannafax's eligibility for lifetime supervision—whether the offense occurred on or after August 28, 2006—for an element of the underlying offense. The lifetime-supervision statute does not add elements to the crimes of first-degree statutory rape or first-degree statutory sodomy. *See* § 217.735.[6] It merely imposes an additional sanction if certain prerequisites are met. *Id.*

While the imposition of lifetime supervision on Cannafax for offenses that occurred prior to August 28, 2006 is impermissible, Cannafax's convictions for Counts III and IV stand if sufficient evidence was adduced to prove the essential elements of those offenses—that Cannafax engaged in sexual intercourse and deviate sexual intercourse with a person under the age of fourteen. *See* §§ 566.032 and 566.062.

Cannafax was charged with four counts of abuse relating to V.L. Counts I and II

---

4. However, it is important to note that "an instruction covering a broad period of time may not be given when doing so would nullify an alibi defense that is supported by substantial evidence." *See Carney,* 195 S.W.3d at 571 n. 7. Here, Cannafax did not assert an alibi defense or suggest a particular defense he was unable to advance.

5. Here, the evidence showed all the charged offenses occurred prior to V.L.'s disclosure in

the winter of 2008. The first felony complaint was filed on April 16, 2009. The statute of limitations was not at issue as it would not expire until twenty years after the victim turned eighteen years old. § 556.037, RSMo Cum.Supp.2004. At the time of trial, K.L., the eldest of the three victims, was eighteen years old.

6. All references to section 217.735 are to RSMo Cum.Supp.2006.

alleged Cannafax committed first-degree statutory rape and first-degree statutory sodomy against V.L. when V.L. was less than twelve years old. Cannafax does not dispute that sufficient evidence was adduced to support convictions on these counts. Counts III and IV alleged Cannafax committed first-degree statutory rape and sodomy against V.L. when she was less than fourteen years old. Cannafax contends that because there was a period of time between V.L.'s fourteenth birthday and the time she disclosed the abuse, it cannot be concluded that any additional acts of rape or sodomy, aside from the two that supported convictions on Counts I and II, occurred while V.L. was thirteen years of age or younger. We, however, find the evidence sufficient to support a reasonable inference that at least two acts of rape and two acts of sodomy occurred before V.L. turned fourteen and thus, support the trial court's convictions on Counts III and IV.

■■■ Cannafax is correct that an element of both Counts III and IV is that the victim be less than fourteen years old. §§ 566.032 and 566.062. Cannafax, however, alleges that because V.L. turned fourteen on November 6, 2008, and her Sexual Assault Forensic Examination ("SAFE") was not conducted until January 6, 2009, that there may have been approximately two months during which the last abuse V.L. testified about could have occurred while V.L. was fourteen; thus, that incident would not constitute first-degree statutory rape or sodomy. Nevertheless, the testimony of V.L. and Cannafax provided sufficient evidence from which the trial

court could reasonably conclude Cannafax raped and sodomized V.L. when she was less than fourteen years old.

V.L. testified at trial that Cannafax started doing the things she "didn't like" when she was between seven and nine years old. She said that she was "13 or 14" the last time something happened. V.L. testified Cannafax would touch her with his penis [7] in both her "pee pee [and] poo poo area" and that he would touch it on the "inside and outside." She explicitly testified that this happened "more than once." V.L. additionally testified Cannafax would touch her breasts, her genitals, and her anus.[8] She also testified that a "[f]ew times I would say stop, but he wouldn't listen." From V.L.'s trial testimony, and from Cannafax's own description of his sexual relationship with V.L., the trial court could reasonably infer that the sexual abuse, including rape and sodomy, occurred continually between the first time—when V.L. was between seven and nine years old—and the last time— when V.L. was thirteen or fourteen years old.

More telling is the fact that V.L. testified that "all" of the abusive acts she had described, which included conduct constituting rape and sodomy, occurred when she lived at the three different addresses in Greene County, again suggesting that the abuse of both rape and sodomy continued over time. Although the evidence does not set forth the exact dates the family resided at each of these residences, Cannafax's statements to investigators, and the children's testimony, show V.L.

---

**7.** Although V.L. testified that Cannafax's "thingy" touched her, it is clear from the diagram that was entered into evidence and the context, that "thingy" refers to Cannafax's penis.

**8.** By touching V.L.'s genitals and anus with his hands, Cannafax committed acts of devi-

ate sexual intercourse. § 566.010(1), RSMo 2000. He also inserted his penis into V.L.'s vagina and anus. These acts qualified as sexual intercourse and deviate sexual intercourse, respectively. § 566.010(1) & (4), RSMo 2000.

was under fourteen years of age when she lived at both the Walnut Street residence and the Camden Street residence. N.L. testified the family lived on Walnut Street from "2001 through 2003" or "2004 maybe." The family then moved to the Camden Street residence before moving to Farm Road 239. Because Cannafax stated he continued to abuse V.L. for about a year while living on Farm Road 239, we can deduce the family moved to Farm Road 239 before V.L. turned fourteen years old in November 2008, as the last incident of abuse occurred sometime before V.L. told her principal, which was shortly after her fourteenth birthday, and before the SAFE exam on January 6, 2009.

Not only did V.L.'s testimony indicate the abuse continued until V.L. was thirteen or fourteen years old, Cannafax also admitted to police he had penetrated V.L.'s genitals with his penis three or four times. He also explained that, unlike his other two daughters, V.L. did not give him a clear signal that she wanted him to stop engaging in sexual acts with her. He acknowledged that V.L. had told him "no" but he did not think she meant it. Cannafax said that if V.L. had just clearly told him she wanted the acts to stop, rather than reporting it to the authorities, he would have stopped. It is apparent from Cannafax's statement that he continued to sexually abuse V.L. not just once or twice, but on a regular basis.

Cannafax's contention that insufficient evidence exists to sustain his convictions on those counts because the acts underlying Counts III and IV could have taken place during this two-month window, requires an inference that the trial court was not obligated to make—that Cannafax raped and sodomized V.L. once when she was eight or so, but then left her alone until after her fourteenth birthday, when he raped and sodomized her for the second

time. While this is not factually impossible, both the testimony of V.L., and the admissions of Cannafax to police, demonstrated continual abuse—not single, discrete instances of abuse separated by six years or more. V.L. also testified that "all" of the abuse she described happened at the three different residences which, as discussed above, would have occurred at least once at the Walnut Street residence and at least once at the Camden Street residence when she was under fourteen years of age.

In evaluating whether sufficient evidence was presented to sustain a conviction, this Court must accept all reasonable inferences that support the verdict and disregard any evidence or inferences to the contrary. *See, e.g. State v. Freeman,* 269 S.W.3d 422, 425 (Mo. banc 2008). As such, we find there was ample proof that Cannafax committed at least two acts of rape and two acts of sodomy against V.L. before her fourteenth birthday.

In sum, it was not necessary for the State to prove the offenses in Counts III and IV occurred during the period alleged in the Amended Information, and there was sufficient evidence to support the trial court's conclusion that these offenses were committed against V.L. before her fourteenth birthday. Cannafax's third point is denied.

### Point IV: Parole and Lifetime Supervision

Cannafax's final point claims the trial court erred in finding Cannafax "guilty and entering judgment on all counts as they were charged, because the judgment subjects [Cannafax] to the possibility of more extensive punishment and collateral effects of conviction than the evidence supported" in that the evidence was insufficient to establish beyond a reasonable doubt that any of the counts were commit-

ted after June 27, 2003—the effective date of section 556.061, RSMo Cum.Supp. 2003)—or in the alternative, that Count III or IV was committed on or after August 28, 2006—the effective date of section 217.735—and thus, Cannafax is entitled to a correction of judgment and sentence showing that he is not statutorily required to serve eighty-five percent of his sentence and from being subject to a lifetime of parole supervision.

### Standard of Review

We review questions of law *de novo*. *Craig*, 287 S.W.3d at 680.

### A. Eighty-five Percent Rule.

First we address Cannafax's claim regarding the requirement he serve eighty-five percent of his sentence.

Section 558.019.3, RSMo Cum.Supp.2005 (the eighty-five percent rule), limits the eligibility of offenders convicted of dangerous felonies for early release from prison:

> Other provisions of the law to the contrary notwithstanding, any offender who has pleaded guilty to or has been found guilty of a dangerous felony as defined in section 556.061 and is committed to the department of corrections shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court or until the offender attains seventy years of age, and has served at least forty percent of the sentence imposed, whichever occurs first.

Effective June 27, 2003, the definition of "dangerous felony" was amended to include first-degree statutory rape and first-degree statutory sodomy when the victim was less than twelve years of age. § 556.061(8), RSMo Cum.Supp.2003. Prior to the 2003 amendment, those offenses were not included in the definition of "dangerous felony." *See* § 556.061, RSMo Cum.Supp.2002.

■ Cannafax's convictions for first-degree statutory rape and sodomy, as alleged in Counts I, II, V, and VI, all involved victims who were less than twelve years old. Nevertheless, Cannafax argues his right to due process of law was violated by subjecting Cannafax to the eighty-five percent rule because insufficient evidence was presented to prove any of the charged offenses occurred after the 2003 amendment. Cannafax's argument is misguided.

■ "To establish a due process violation, a plaintiff must show a deprivation of a liberty or property interest." *Boersig v. Missouri Dept. of Corr.*, 959 S.W.2d 454, 456 (Mo. banc 1997). " 'There is no constitutional or inherent right to early release from prison.' " [9] *Rentschler v. Nixon*, 311

9. We find our Supreme Court's recent decision in *Rentschler v. Nixon*, 311 S.W.3d 783 (Mo. banc 2010), highly instructive in the present case. In *Rentschler*, the Appellants were convicted of various violent felonies and sentenced to life in prison. *Id.* at 785. At the time of their convictions, the conditional-release statute was silent regarding whether violent felons could be eligible for conditional release. *Id.* Subsequently, the conditional-release statute was amended to make individuals convicted of "dangerous felonies" ineligible for conditional release. *Id.* The Appellants argued, *inter alia*, the amendment violated their substantive due process rights and Missouri's constitutional prohibition against retrospective operations of laws. *Id.* at 785–86. Nevertheless, our Supreme Court rejected the Appellants' claims because Appellants had no inherent constitutional or inherent right to early release and may constitutionally be rescinded so long as the elements of procedural due process are observed. *Id.* In that case, the Supreme Court concluded Appellants' substantive due process rights were not infringed. *Id.* Additionally, our Supreme Court explained that because conditional release is a mere possibility and is granted at the sole discretion of the board of probation and pa-

S.W.3d 783, 786 (Mo. banc 2010) (quoting *State ex rel. Cavallaro v. Groose,* 908 S.W.2d 133, 134 (Mo. banc 1995)). "While a state's parole statute may create a protected liberty interest in parole, this Court has held that Missouri's parole statute creates no liberty interest in parole." *Boersig,* 959 S.W.2d at 456; *see also Ladd v. Missouri Bd. of Prob. and Parole,* 299 S.W.3d 33, 40 (Mo.App. W.D.2009). Therefore, a modification to the definition of "dangerous felony" that limits Cannafax's opportunity for early release may lawfully be applied to him whether or not sufficient evidence showed the offenses were committed after the 2003 amendment, and Cannafax is not entitled to a correction of judgment.

**B. Lifetime Parole Supervision.**

 Cannafax also contends he may be improperly subjected to lifetime supervision at some point in the future because there was not sufficient evidence to show the charges alleged in Counts III and IV occurred on or after August 28, 2006.

Section 217.735.1 requires post-release lifetime supervision for certain offenders:

Notwithstanding any other provision of law to the contrary, the board shall supervise an offender for the duration of his or her natural life when the offender has pleaded guilty to or been found guilty of an offense under section 566.030, 566.032, 566.060, or 566.062 based on an act committed on or after August 28, 2006. . . .

In contrast to the eighty-five percent rule, section 217.735 explicitly requires the act be committed on or after August 28, 2006, and imposes additional constraints on offenders post-release. Here, the trial court found Cannafax guilty on Counts III and IV, which were charged by Amended Information to have occurred on or between June 7, 2006 and November 5, 2008. The trial court, however, did not expressly find that the offenses occurred on or after August 28, 2006, nor did it state in its judgment that Cannafax would be subject to lifetime supervision under section 217.735. Thus, it is unclear if the board of probation would attempt to impose post-release lifetime supervision on Cannafax if he were to be released in the future. Because this issue is not ripe for review, we need not rule on whether there was sufficient evidence to show the act was committed on or after August 28, 2006.[10] The legality of imposing a particular penalty is not ripe for review when the actual imposition of that penalty is uncertain, as it is here.

In *Forrest v. State,* 290 S.W.3d 704, 718 (Mo. banc 2009), the defendant sought relief from his death sentence by arguing that Missouri's lethal-injection protocol violated the Eighth Amendment. *Id.* Our Supreme Court denied the defendant's claim as not ripe, noting that the defendant's execution date and method had not been set, and it was thus uncertain what method would actually be employed to carry out the execution. *Id.* Similarly, it is uncertain whether the board of probation

role, the statutory amendment making the Appellants ineligible for conditional release did not impose a new disability nor did it deprive the Appellants of vested rights, and thus did not violate Missouri's prohibition against the retrospective application of law. *Id.* at 788–89.

**10.** This decision does not deprive Cannafax of a future remedy if the board of probation and parole requires post-release lifetime supervi-

sion for Cannafax. At that time, Cannafax may seek a writ of mandamus requesting the Court order the board of probation and parole to not consider the offenses in Counts III and IV to have occurred on or after August 28, 2006, making Cannafax ineligible for lifetime supervision under section 217.735.1. *See Irvin v. Kempker,* 152 S.W.3d 358 (Mo. App. W.D.2004).

and parole will ever seek to subject Cannafax to lifetime supervision under section 217.735. Although the Amended Information alleges Counts III and IV occurred between June 7, 2006 and November 5, 2008, nothing in the judgment states Cannafax qualifies for lifetime supervision or concludes the offense occurred on or after August 28, 2006. Thus, we need not make the factual determination as to whether the evidence would support a finding that Cannafax committed the offenses on or after August 23, 2006.

The State was not required to show Cannafax's offenses occurred after the 2003 amendment to the definition of "dangerous felony" for his offenses to be subject to the eighty-five percent rule, and Cannafax's claim that he might be improperly subjected to lifetime supervision, is not ripe for review. Therefore, point IV is denied.

The judgment of the trial court is affirmed.

BARNEY and BATES, JJ., Concur.