

# Missouri Court of Appeals
## Southern District

### In Division

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| ) | |
| Respondent, ) | |
| ) | No. SD38707 |
| v. ) | |
| ) | **Filed: October 15, 2025** |
| JAMES GUTHRIE, ) | |
| ) | |
| Appellant. ) | |

### APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable R. Zachary Horack, Judge

**VACATED AND REMANDED WITH INSTRUCTIONS**

A Mississippi County jury found Appellant James Guthrie guilty of two counts of first-degree statutory rape and one count of fourth-degree child molestation against Victim 1; and one count of first-degree statutory rape and one count of first-degree sodomy against Victim 2. In his sole point on appeal, Guthrie contends the record contains insufficient evidence to support his conviction of statutory rape against Victim 2 on Count IV. Specifically, he claims there was insufficient evidence to prove beyond a reasonable doubt that Victim 2 was under the age of fourteen at the time of the offense. Because we find the judgment convicting Guthrie on Count IV was not supported by

sufficient evidence, we vacate Count IV of the judgment and remand with specific instructions.

## Factual Background[1]

Guthrie was charged with sexually assaulting two victims. As relevant here, in Count IV of its Second Amended Information, the State charged that, in violation of § 566.032, Guthrie

> committed the felony of statutory rape in the first degree, punishable upon conviction under Section 566.032, RSMo, and subject to lifetime supervision under Sections 217.735 and 559.106, RSMo[,] in that between January 1, 2017[,] and May 1, 2017, in the County of Mississippi, State of Missouri, the defendant knowingly had sexual intercourse with [Victim 2], a child less than fourteen years old.

At trial, a trained forensic interviewer testified that Victim 2 was fourteen at the time of the charged conduct. Victim 2 testified that she was born on May 30, 2003. On direct examination by the prosecutor, Victim 2 further testified as follows:

Q.     Okay. Was there a time that something happened with James Guthrie that you didn't want to happen?

A.     Yes.

Q.     Can you tell me about when that was?

A.     It was in 2017.

Q.     Okay. Would it have been when you were 14?

A.     Yes.

---

[1] We must accept as true all evidence favorable to the judgment, together with all favorable inferences drawn therefrom. *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011). We also are required to ignore "all contrary evidence and inferences." *State v. Tate*, 708 S.W.3d 483, 488 (Mo. banc 2025). We recite the relevant facts accordingly.

Q.      How do you know or how do you remember that is when it was?

A.      Preteens.

Q.      Okay?

A.      Going through school, making friends, was getting to go to birthday parties and swimming pool parties and slumber parties.

On cross examination by defense counsel, Victim 2 testified as follows:

Q.      And do you remember what time of year it was?

A.      The year?  2017.

Q.      Do you remember which month of the year –

A.      No.

Q.      – this happened?

A.      No.

Q.      Do you know if it was cold outside or hot outside?

A.      It wasn't hot.  But it wasn't cold so couldn't say kind of more like a cool, breezy-type of weather.

In closing argument, the State explained as follows:

As to Count IV and Count V, Instruction No. 8 and 9, we are going to talk about [Victim 2].  Again, Count IV is identical to the first two counts.  It is talking about statutory rape.

You have to believe that [Victim 2] was a child less than 14.  It happened sometime between January and May of 2017.

The jury found Guthrie guilty on all five counts of the amended complaint.

3

**Legal Standards**

Our review of sufficiency-of-the-evidence claims "is limited to whether the State has introduced sufficient evidence for any reasonable juror to have been convinced of the defendant's guilt beyond a reasonable doubt[,]" accepting as true all evidence and inferences favorable to the judgment and disregarding "[a]ll evidence and inferences to the contrary[.]" *Nash*, 339 S.W.3d at 508-09. We are required to give great deference to the trier of fact and refrain from weighing the evidence anew. *Id.* We review to determine "whether there is sufficient evidence to support the charged crime, based on the elements of the crime as set forth by statute and common law and the evidence adduced at trial." *State v. Jackson-Bey*, 690 S.W.3d 181, 186 (Mo. banc 2024) (quoting *State v. Brown*, 558 S.W.3d 105, 109 (Mo.App. E.D. 2018)), *as modified on denial of reh'g* (July 9, 2024).

> This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt.

*State v. Gillum*, 574 S.W.3d 766, 768 (Mo.App. S.D. 2019) (quoting *State v. Stewart*, 560 S.W.3d 531, 533 (Mo. banc 2018)).

To obtain a conviction, the State must prove beyond a reasonable doubt each element of the crime.[2] *State v. McClain*, 301 S.W.3d 97, 99 (Mo.App. W.D. 2010). "A

---

[2] In his sole point relied on, Guthrie only challenges the sufficiency of the evidence to prove that Victim 2 was under the age of fourteen when the offense occurred. Accordingly, we need not and do not analyze the other elements found by the jury.

person commits the offense of statutory rape in the first degree if he or she has sexual intercourse with another person who is less than fourteen years of age." Section 566.032.1.[3] It is well-settled law in Missouri that

> in sex offense cases, time is not of the essence.[4] Because time is not an essential element of the crime, the State is not confined in its evidence to the precise date stated in the Amended Information, but may prove the offense to have been committed on any day before the date of the information and within the period of limitation.

*State v. Cannafax*, 344 S.W.3d 279, 287 (Mo.App. S.D. 2011) (citation modified) (quoting *State v. Bunch*, 289 S.W.3d 701, 703 (Mo.App. S.D. 2009)). The victim's age, however, is an essential element of the crime of statutory rape. Consequently, the State must "present sufficient evidence that Appellant had sexual intercourse with [the victim] who was then less than fourteen years old." *State v. Sprofera*, 427 S.W.3d 828, 832 (Mo.App. W.D. 2014).

## Discussion

The State established that Victim 2 was born on May 30, 2003. Thus, she turned fourteen on May 30, 2017. The State also established that the charged conduct occurred in 2017. Victim 2 stated she was fourteen when the charged conduct occurred, but also testified that she was a preteen at the time of the conduct, which could not have been true at any time during 2017. From January 1, 2017, through May 29, 2017, Victim 2 was

---

[3] Statutory citations are to RSMo (Cum. Supp. 2017).

[4] "However, it is important to note that an instruction covering a broad period of time may not be given when doing so would nullify an alibi defense that is supported by substantial evidence." *Cannafax*, 344 S.W.3d at 287 n.4 (citation modified).

5

thirteen years old, and from May 30, 2017, through the end of the year, Victim 2 was fourteen years old. The State alleged that the acts occurred between January 1, 2017, and May 1, 2017, when Victim 2 was younger than fourteen. Yet, the State did not provide sufficient evidence that the abuse occurred between those dates. Victim 2 testified that it was cool and breezy outside when the abuse occurred. While the jury could reasonably infer she was describing spring-like weather, it is equally reasonable for the jury to infer Victim 2 was describing fall-like weather. The State did not provide other evidence to the jury of significant dates or events that would limit the alleged abuse to a time before May 1, 2017, the date alleged in the Second Amended Information, or even a time before May 30, 2017, when Victim 2 turned fourteen. *See, e.g., State v. Sims*, 700 S.W.3d 569, 577 (Mo.App. E.D. 2024) ("Victim attested to several corroborative events that established the timeline for the abuse."), *rev'd on other grounds by State v. Winter*, SC100847, 2025 WL 2347004 (Mo. banc Aug. 12, 2025). Therefore, the evidence presented by the State was insufficient for the jury to determine beyond a reasonable doubt that Victim 2 was under the age of fourteen when the charged conduct occurred.

Having so found, we are required to vacate the judgment entered by the trial court as to Count IV. *See State v. Dixon*, 70 S.W.3d 540, 545 (Mo.App. W.D. 2002), *as modified on denial of reh'g* (Mar. 5, 2002), *rev'd on other grounds by State v. Claycomb*, 470 S.W.3d 358 (Mo. banc 2015), *as modified* (Aug. 4, 2015). We do not, however, discharge Guthrie.

6

Where, as here, a conviction of a greater offense has been overturned for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater offense.

*State v. Whalen*, 49 S.W.3d 181, 187-88 (Mo. banc 2001) (quoting *State v. O'Brien*, 857 S.W.2d 212, 220 (Mo. banc 1993)), *holding modified by Claycomb*, 470 S.W.3d 358.

"A person commits the offense of statutory rape in the second degree if being twenty-one years of age or older, he or she has sexual intercourse with another person who is less than seventeen years of age." Section 566.034.1. Although they have different age elements, second-degree statutory rape is specifically designated by statute as a lesser offense of first-degree statutory rape. *State v. Smith*, 330 S.W.3d 548, 556 (Mo.App. S.D. 2010) (citing *Dixon*, 70 S.W.3d at 547); § 556.046.1(2). It is undisputed that Guthrie was over the age of twenty-one, but the Count IV jury instruction on which Guthrie was convicted did not include any finding regarding his age. By finding Guthrie guilty on Count IV, the jury necessarily found that Victim 2 was under the age of seventeen, and this finding was supported by substantial evidence, to wit: Victim 2 testified that she was born on May 30, 2003, and that the charged conduct occurred in 2017. Thus, the elements for convicting Guthrie of second-degree statutory rape were undisputed or found by the jury and supported by substantial evidence. *See Whalen*, 49 S.W.3d at 188 (trial court was directed to enter judgment reflecting conviction of statutorily prescribed lesser offense when all the elements necessary for lesser offense were found by the jury or were undisputed). As in *Dixon*, however, since the jury was not instructed on the additional and distinct element regarding Guthrie's age as required

to convict him of second-degree statutory rape, we remand for a new trial on the lesser offense of statutory rape in the second degree on Count IV. *Dixon*, 70 S.W.3d at 548.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS