**Jerry W. CRONEY, Appellant,**

v.

**STATE of Missouri, Defendant.**

**No. 62012.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 6, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29 and Aug. 18, 1993.

Application to Transfer Denied Sept. 28, 1993.

David C. Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for defendant.

CRIST, Judge.

Defendant appeals the type of relief provided by the motion court after it granted his 24.035 motion for post-conviction relief. We affirm.

The grand jury of St. Louis County indicted Defendant for second degree burglary and stealing $150 or more in connection with an unlawful entry into the Maryland Plaza Market on April 8, 1991. On November 1, 1991, Defendant pleaded guilty to both charges. The court promised to sentence Defendant to concurrent terms of eight years' imprisonment on each charge in lieu of a blind plea by Defendant. The State had recommended Defendant serve concurrent terms of twelve years' imprisonment on each charge. During the guilty plea hearing, Defendant admitted he had been convicted of prior felonies. The State noted Defendant had been incarcerated more than 120 days for two prior felonies of burglary and felonious restraint. The trial court found Defendant to be a persistent offender and sentenced him to two concurrent terms of eight years' imprisonment.

Following his conviction, Defendant filed a timely *pro se* 24.035 motion for post-conviction relief which was later amended by appointed counsel. In his motion, Defendant asserted the trial court erred in sentencing him as a persistent offender, because the State failed to plead it in the indictment or information as required by § 558.021. Defendant requested the motion court correct his sentence "to exclude any finding that movant is a Persistent Offender, and reduc[e] movant's concurrent terms to a maximum of seven (7) years each." On March 26, 1992, the trial judge informed Defendant's attorney of the following:

> *State v. Street,* 735 S.W.2d 371 [(Mo.App.1987)], supports Mr. Croney's position that the charge of persistent of-

fender must be filed in the Information. In the *Street* case, the Court remanded the case to permit the State to amend the Information and the Court to resentence defendant. This, I refuse to do. In the event that Mr. Croney desires relief, I will vacate my sentences and the pleas of guilty and reinstate the case on the docket. Please advise Mr. Croney that he may either withdraw his Motion for Post–Conviction Relief under Rule 24.035 with prejudice or I will sustain the Motion and grant Mr. Croney a new trial.

On April 3, 1992, the motion court sustained Defendant's 24.035 motion, set aside Defendant's guilty plea and sentence, reinstated his case on the trial docket, and disqualified itself from further proceedings in the case.

■ The motion court was correct in its finding Defendant should have been charged as a persistent offender in the indictment or information. *See, State v. Street,* 735 S.W.2d 371, 373[4] (Mo.App.1987). However, Defendant argues the motion court erred in the type of relief which it granted. He further asserts the motion court should have granted the relief which he requested, to remand the case for resentencing as if he were not a persistent offender. We disagree.

■ Rule 24.035(i) states the motion court may provide the following relief: "... the court shall vacate and set aside the judgment and shall discharge the movant or resentence him *or order a new trial* or correct the judgment and sentence as appropriate." The type of relief chosen is within the motion court's discretion. *Proctor v. State,* 809 S.W.2d 32, 35 (Mo.App.1991). The motion court did not abuse its discretion in choosing a type of relief within those provided by Rule 24.035.

However, Defendant argues the court abused its discretion in choosing that remedy because he asserts the judge was acting vindictively. Defendant contends the court chose its relief to penalize him for exercising his right to post-conviction relief by subjecting him to the risk of a substantially greater sentence.

However, the choice offered by the judge is the opposite of vindictiveness. Instead, the court gave Defendant the chance to continue with his original sentence. Further, at the guilty plea hearing, the court had promised it would sentence Defendant to concurrent terms of eight years under the assumption that Defendant would plead guilty as a persistent offender. As such, Defendant did not enter a blind plea. This situation is akin to Defendant having a plea agreement with the State where both parties are bound by a plea agreement and upon breach, they are returned to their pre-plea status. *State v. White,* 838 S.W.2d 140, 142[3] (Mo.App.1992). The motion court's decision to place Defendant at his pre-plea status is not an abuse of discretion.

■ Furthermore, Defendant's mere assertion he *might* receive a greater sentence upon retrial does not amount to vindictiveness. *See, Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.