Alex E. CASON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 55582.

Missouri Court of Appeals,
Western District.

Jan. 5, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1999.

Application to Transfer Denied
April 27, 1999.

---

Gary Brotherton, State Public Defender, Columbia, for Appellant.

John M. Morris, Atty. Gen., Jefferson City, for Respondent.

PAUL M. SPINDEN, Judge.

Alex E. Cason pleaded guilty to possessing a controlled substance with intent to deliver it, and the circuit court sentenced him to 10 years in prison as a prior offender. Cason filed a motion pursuant to Rule 24.035 asking the circuit court to vacate, to set aside, or to correct his sentence and judgment. After an evidentiary hearing, the circuit court found that a factual basis did not exist for the charge of possession of a controlled substance with intent to deliver, but the court found that a factual basis did exist for possession of a controlled substance. The circuit court amended Cason's sentence and judgment accordingly.[1] Cason appeals. We affirm but remand for resentencing.

Cason contends that the circuit court had no jurisdiction to accept his guilty plea without a finding in the record that he was aware of the nature and elements of the charge of possession of a controlled substance. He claims that the circuit court could not enter a plea for possession of a controlled substance because the state never charged him with that offense. Cason argues that, instead of correcting the judgment of conviction from possession of a controlled substance with an intent to deliver to possession of a controlled substance, the circuit court should have vacated the sentence and judgment and remanded to the trial court for further proceedings. We disagree.

Our review of a circuit court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the circuit court are clearly erroneous. Rule 24.035(k).

Rule 24.035(j) gives the circuit court several options if it finds that a judgment was rendered without jurisdiction, that the sentence imposed was illegal, or that a defendant's constitutional rights were infringed upon or denied.[2] In this instance, the circuit court opted to correct the judgment. At the guilty plea hearing, Cason admitted that he possessed cocaine at the time of his arrest. Possession of a controlled substance is a lesser included offense of possession of a controlled substance with intent to deliver. "[A] person cannot be convicted of a crime with which the person was not charged *unless* it is a lesser included offense of a charged offense."[3] *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992); Section 556.046, RSMo 1994. The circuit court shall not, however, enter a judgment on a guilty plea unless it determines a factual basis exists for the plea. Rule 24.02(e); *State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996), *cert. denied*, 519 U.S. 1152, 137 L.Ed.2d 222, 117 S.Ct. 1088 (1997). Cason admitted that he possessed cocaine; therefore, a factual basis existed for the lesser included offense of possession of a controlled substance. The circuit court's findings were not clearly erroneous.

Cason relies heavily on *Ennis v. State*, 887 S.W.2d 771 (Mo.App.1994), in which the defendant was charged with, and pleaded guilty

---

1. In ruling upon Cason's Rule 24.035 motion, the circuit court found that Cason admitted at his guilty plea hearing that he was a prior drug offender and, therefore, determined that he was subject to enhanced punishment as a Class B felony. It concluded that the 10–year sentence imposed by the circuit court for possessing a controlled substance with intent to deliver was within the range of punishment for a Class B felony of possessing a controlled substance.

2. Rule 24.035(j) says, "[T]he court shall vacate and set aside the judgment and shall discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as appropriate."

3. We added the emphasis.

to, sodomy. The facts recited at the guilty plea hearing, however, established a factual basis for sexual intercourse which would form the basis for a rape conviction—not sodomy. The *Ennis* court found that, by statute, the definition of sodomy, or deviate sexual intercourse, was distinguishable from the definition of sexual intercourse. *Id.* at 774. The court held that the "[m]ovant's statement of his understanding of the factual basis for the charges and the trial court's own statements on that same subject would have been, if true, insufficient to support a conviction [for sodomy]." *Id.* at 775.

*Ennis* is not, as Cason contends, strikingly similar to the facts of his case. Sodomy is not a lesser included offense of rape. In our case, Cason's and the circuit court's understanding of the factual basis for the charge was sufficient to support a conviction of possession of a controlled substance. Indeed, to be guilty of possession of a controlled substance with an intent to deliver, Cason had to possess a controlled substance, and he admitted that he did so.

■ The state concedes, however, that we should remand this case for resentencing. At the time of Cason's sentencing, the circuit court believed that it was sentencing him within the range of punishment for a Class A felony. Possession of a controlled substance, however, is a Class C felony, but because Cason was a prior drug offender he is subject to enhanced punishment for a Class B felony. Therefore, because the circuit court amended Cason's judgment of conviction to possession of a controlled substance, Cason is entitled to be sentenced within the range of punishment for a Class B felony.[4] Hence, we remand to the circuit court for resentencing.

HAROLD L. LOWENSTEIN, Presiding Judge, and VICTOR HOWARD, Judge, concur.

---

4. As noted in Note 1, the circuit court, in ruling on Cason's Rule 24.035 motion, found that the 10–year sentence was within the range of punishment for a Class B felony. We feel compelled, however, to remand to the circuit court to reconsider sentencing in light of the determination that Cason was subject to enhanced punishment as a Class B felony and not as a Class A felony. Sentencing is the responsibility of the circuit court. *State v. Olney*, 954 S.W.2d 698, 701 (Mo. App.1997).