

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| VERNELL WHITLEY, | ) | ED103716 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | 1422-CC09888 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Julian L. Bush |
| | ) | |
| Respondent. | ) | Filed: October 18, 2016 |

## Introduction

Vernell Whitley (Movant) appeals from the motion court's judgment denying his Rule 24.035[1] motion after an evidentiary hearing. Movant claims that the motion court erred in denying his request for post-conviction relief, because plea counsel was ineffective for failing to advise him that by pleading guilty he would waive his right to appeal the trial court's ruling on his alleged speedy-trial violation. We affirm.

## Factual and Procedural Background

The State charged Movant with two counts of first-degree robbery and two counts of armed criminal action (ACA), stemming from a February 2012 incident in which Movant forcibly stole the cell phones of two people and in doing so displayed what

---

[1] All rule references are to Mo. R. Crim. P. (2016), unless otherwise indicated.

appeared to be a deadly weapon. At the time of his arrest on February 8, 2012, Movant was on probation for a 2011 conviction for possession of a controlled substance. On August 23, 2012, the trial court revoked Movant's probation and sentenced him to five years in the Missouri Department of Corrections.

On August 22, 2012, Movant filed a *pro se* speedy-trial motion on the robbery and ACA charges; he filed a second speedy-trial motion in January of 2013; and in September of 2013, he filed a motion to dismiss for a violation of his right to a speedy trial. His case was not scheduled for trial until January 21, 2014. The parties appeared for trial on January 21, 2014, whereupon the trial court heard arguments on Movant's motion to dismiss for a violation of his right to a speedy trial. The trial court determined that, while the overall delay of nearly two years between his arrest and his trial was "appalling" and indicated a "systemic failure," 11.5 months of the 23.5-month delay was attributable to Movant's requests for continuances.[2] The court overruled Movant's motion to dismiss the indictment, finding that the 12-month delay attributable to the State was not egregious and not deliberate, and that the delay did not prejudice Movant.[3]

Trial began and after *voir dire*, Movant announced that he wished to withdraw his plea of not guilty and to enter a plea of guilty not pursuant to the State's recommendation of 15 years. The State stated that had the case gone to trial, it would have proven Movant approached John Jones and Gregory Jones with a gun, whereupon Movant and his associates took a cell phone and U.S. currency from John Jones, and a cell phone from

---

[2] Although Movant objected to at least one of the continuances requested by his counsel, a defendant is bound by the actions of his attorney and the delays from defense-requested continuances are attributable to the defendant in determining a speedy-trial violation. State v. Holmes, 428 S.W.2d 571, 572 (Mo. 1968).
[3] The trial court reached this conclusion in part based on the fact that Movant would have been incarcerated regardless, due to his probation revocation.

2

Gregory Jones. Movant denied these facts, agreeing he was there but stating a robbery did not occur. Nevertheless, he stated that although a crime had not occurred, he wished to plead guilty. The trial court inquired if he wished to plead guilty pursuant to Alford.[4]

The court took a break for Movant's counsel to explain an Alford plea to Movant, after which Movant again reiterated that he did not want to go to trial but wanted to plead guilty. He agreed the State had sufficient evidence to prove its case because it would be his word versus the two witnesses' testimony, but he did not admit he committed the crimes as charged. The court listed the rights Movant would waive by pleading guilty, including the right to appeal his guilty verdict, and accepted Movant's guilty plea. The court sentenced Movant to concurrent sentences of 15 years in the Department of Corrections on each of the four counts.

Movant timely filed his *pro se* motion for post-conviction relief pursuant to Rule 24.035. Through appointed counsel, he argued his plea counsel was ineffective for failing to advise him that by pleading guilty he was waiving his right to challenge the trial court's ruling on his motion to dismiss for a speedy-trial violation. Had Movant known that by pleading guilty he was waiving this right, he would not have pled guilty. He requested an evidentiary hearing, which the motion court granted.

At the evidentiary hearing, Movant's plea counsel, Matthew Waltz (Waltz), testified that although he did not specifically tell Movant that by pleading guilty he would waive his right to appeal the court's speedy-trial ruling, the trial court specifically told Movant he would be giving up his right to appeal and Waltz had discussed with Movant in a "general sense" that he would not be able to file an appeal. Waltz stated that had the case

---

[4] North Carolina v. Alford, 400 U.S. 25 (1973).

3

gone to trial and resulted in a guilty verdict, he would have included the speedy-trial argument in his motion for a new trial. Moreover, Waltz testified that Movant initiated the decision to change his plea to guilty because he wanted to gamble on a sentence less than the State's recommendation of 15 years. Movant also testified, saying that while Waltz and the plea court had discussed that by pleading guilty Movant would waive his right to appeal, he believed that the waiver only applied to the guilty verdict and not the speedy-trial issue. He stated he pled guilty because he was hoping for a sentence of less than 15 years.

At the close of the evidentiary hearing, the motion court denied Movant's Rule 24.035 motion. The motion court stated that it "disbelieved" Movant's testimony that he would not have pled guilty if he had known he would have been unable to appeal the speedy-trial issue, and thus Movant's plea was not involuntary and he was not prejudiced. This appeal follows.

## Discussion

On appeal, Movant claims the motion court clearly erred in denying his Rule 24.035 motion after an evidentiary hearing, because Waltz was ineffective for failing to advise Movant that by pleading guilty he was waiving his right to appeal the speedy-trial violation. We disagree

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). This court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. Weeks, 140 S.W.3d at 44. On review, the motion court's findings and

4

conclusions are presumptively correct. Wilson v. State, 813 S.W.2d 833, 835 (Mo. banc 1991).

After a guilty plea, our review is limited to a determination of whether the underlying plea was knowing and voluntary, and counsel's ineffectiveness is only relevant to the extent it affects the voluntariness of the movant's plea. Wilkins v. State, 802 S.W.2d 491, 497 (Mo. banc 1991); Loudermilk v. State, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998); see also Chaney v. State, 223 S.W.3d 200, 206 (Mo. App. S.D. 2007) (Alford plea is treated same as guilty plea where defendant admits to committing crimes charged). The movant bears the burden of proving his post-conviction claims by a preponderance of the evidence, and to prove ineffective assistance of counsel, the movant must show both that counsel's representation fell below an objective standard of reasonableness and that the movant was prejudiced as a result. Ervin v. State, 423 S.W.3d 789, 793 (Mo. App. E.D. 2013). To show prejudice after a guilty plea, the movant must show that but for his counsel's alleged unreasonable conduct, there is a reasonable probability he would not have pled guilty but would have insisted on going to trial. Id.

The motion court here "disbelieved" Movant's testimony that he would not have pled guilty had he known he could not pursue his claim for a speedy-trial violation on appeal, and thus it concluded no prejudice occurred. "The motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed, including a movant's testimony." Simmons v. State, 429 S.W.3d 464, 466 (Mo. App. E.D. 2014). We defer to the motion court's credibility determinations. See id. Moreover, we agree with the motion court that Movant's plea was knowing and voluntary, and that he would not have gone to trial even if Waltz had properly advised him. Movant argues the fact that he vigorously

pursued his speedy-trial violation raised the inference that he desired to pursue the matter on appeal. However, the plea record shows that Movant specifically acknowledged he would not be able to appeal from his guilty verdict and that counsel testified at the evidentiary hearing he told Movant in a "general sense" pleading guilty would waive his right to appeal. This Court can infer from these two warnings that Movant understood he would not be able to appeal, regardless of the substance of the claim on appeal.

Further, while Movant argues he was reluctant to plead guilty, our review of the plea transcript shows Movant was adamant that he wanted to plead guilty despite maintaining his innocence, and the plea court questioned him at length about his decision. Movant knew of all the evidence against him—although he disagreed with it, and he testified that he pled guilty as part of a strategic gamble to receive a lesser sentence than the State's recommendation of 15 years. Where the record shows a movant would have pled guilty regardless of plea counsel's alleged ineffective assistance, the movant is unable to show prejudice from the asserted ineffectiveness. See Ervin, 423 S.W.3d at 793 (citing Voyles v. State, 272 S.W.3d 921, 924 (Mo. App. S.D. 2009)).

The motion court did not clearly err in denying Movant's request for post-conviction relief after an evidentiary hearing. Rule 24.035(h); Weeks, 140 S.W.3d at 44. Point denied.

Conclusion

The judgment of the motion court is affirmed.

_____
Gary M. Gaertner, Jr., Judge

James M. Dowd, P. J., concurs.
Kurt S. Odenwald, J., concurs.

6