**Donald W. SANDERS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent-Respondent.**

No. SD 34808

Missouri Court of Appeals, Southern District, Division Two.

Filed: October 18, 2017

Appellant's Attorney: Craig A. Johnston, of Columbia, Missouri.

Respondent'(s) Attorney: Joshua Hawley, Attorney General, and Shaun J. Mackelprang, Assistant Attorney General, of Jefferson City, Missouri.

WILLIAM W. FRANCIS, JR., J.

Donald W. Sanders ("Sanders"), appeals the judgment of the motion court, wherein the motion court granted his Rule 24.035 [1]

1. All rule references are to Missouri Court Rules (2017).

"Motion to Vacate, Set Aside or Correct the Judgment and Sentence," and vacated the judgment and sentence. In one point on appeal, Sanders asserts the motion court erred in vacating the judgment, and argues the motion court should have corrected the judgment to reflect that Sanders instead pled guilty to class A misdemeanor stealing and was resentenced within the proper range of punishment. Because Sanders lacks standing, we dismiss his appeal.

### Facts and Procedural History

The State charged Sanders with the class C felony of stealing, based on his theft of property with a value of at least $500. Sanders entered into a plea agreement, and on August 25, 2015, pled guilty in exchange for the State's recommendation of a seven-year sentence and dismissal of charges against Sanders in two other cases. At the hearing, the trial court questioned Sanders to ensure his guilty plea was knowing, intelligent, and voluntary. The trial court accepted Sanders' plea and sentenced him to seven years' imprisonment. Sanders was delivered to the Department of Corrections on August 28, 2015.

On February 10, 2016, Sanders timely filed a *pro se* motion pursuant to Rule 24.035. On March 4, 2016, the motion court appointed counsel to represent Sanders and granted a thirty-day extension of time to file an amended motion. On June 1, 2016, the transcript was filed. On August 26, 2016, appointed counsel timely filed an amended motion, asserting Sanders was denied due process of law because he "was convicted of class C felony stealing under Section 570.030.1, RSMo, which was actually a misdemeanor offense under the holding in *State v. Bazell*, [497 S.W.3d 263 (Mo. banc 2016)], and as a result, [Sanders'] seven-year sentence exceeded the maximum authorized by law for a misdemeanor." Sanders further asserted that "[t]he motion court [was] required under *State v. Bazell* to correct [Sanders'] judgment and sentence to reflect a class A misdemeanor conviction and a one-year sentence."

On December 2, 2016, the motion court granted Sanders' post-conviction motion, reasoning that *Bazell* applied retroactively[2] to Sanders' conviction, such that "the judgment and sentence in the underlying criminal case should be vacated and set aside."

On December 7, 2016, the State dismissed the stealing charge against Sanders.[3] This appeal followed.

■ In one point on appeal, Sanders asserts the motion court erred in vacating Sanders' judgment and conviction for felony stealing, in lieu of entering a judgment of conviction and sentence on the class A misdemeanor stealing.

---

2. After the motion court's judgment, our supreme court held that *Bazell* does *not* apply retroactively; rather, it applies in "forward operation" only except as to then pending direct appeal cases. *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500 (Mo. banc 2017). No point on appeal challenges the judgment of the motion court on this basis.

3. Sanders alleges in his brief that his current appeal, requesting relief in the form of a conviction for a misdemeanor, arises out of the fact that on November 8, 2016, before the State dismissed the stealing charge, the State filed a charge against Sanders for receiving stolen property, based on the same events that gave rise to Sanders' original conviction in this matter. We will not review matters outside of the record, *O'Neal v. State*, 236 S.W.3d 91, 99 (Mo.App. E.D. 2007), but nevertheless include this allegation for context.

This Court has the independent obligation to verify its own authority to hear an appeal. *First National Bank of Dieterich v. Pointe Royale Property Owners' Association, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017). In Missouri, the right to appeal derives exclusively from statute—where an appellant lacks the right to appeal, we lack authority to hear the appeal. *Id.*

Section 512.020(5)[4] provides the right to appeal a final judgment to

[a]ny party to a suit *aggrieved* by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction[.]

§ 512.020 (emphasis added). "As used in § 512.020, 'aggrieved' means suffering from an infringement or denial of legal rights." *Wright v. Rankin*, 109 S.W.3d 696, 699 (Mo.App. S.D. 2003) (internal quotation and citation omitted). "A party is aggrieved by a judgment when the judgment appealed will operate directly and prejudicially on the party's personal or property rights or interests with immediate effect." *Tupper v. City of St. Louis*, 468 S.W.3d 360, 375 (Mo. banc 2015). "A party cannot appeal from a judgment wholly in his favor, one that gives him all he asks; but he can appeal from a judgment which gives him only a part of the relief he seeks." *Smith v. City of St. Louis*, 395 S.W.3d 20, 27 (Mo. banc 2013) (internal quotation and citation omitted).

Here, the "legal right" on which Sanders' challenge rests is Sanders' right to remedy under Rule 24.035(j). Specifically, where a movant successfully shows the sentence imposed was illegal, the remedy to which movant is entitled is that "the [motion] court shall [1] vacate and set aside the judgment and shall discharge the movant *or* [2] resentence the movant *or* [3] order a new trial *or* [4] correct the judgment and sentence as appropriate." Rule 24.035(j) (emphasis and numeration added).

"The type of relief chosen is within the motion court's discretion[,]" *McKelvey v. State*, 303 S.W.3d 612, 615 n.4 (Mo.App. S.D. 2010), and the motion court commits no error merely choosing one of the four alternative remedies. *Croney v. State*, 860 S.W.2d 17, 19 (Mo.App. E.D. 1993). The "legal right" imputed by Sanders' challenge on appeal is his right to have the motion court select from the alternatives set forth in Rule 24.035(j); of those remedies, Sanders had no "legal right" to any one of the alternative remedies more than another.

Because Sanders received all the relief his Rule 24.035 motion could bring—the motion court's choice from among the Rule 24.035(j) remedies—he is not an "aggrieved party" under section 512.020. *Smith*, 395 S.W.3d at 27. As such, Sanders lacks standing, and we lack authority to review his claim on appeal. *First National Bank of Dieterich*, 515 S.W.3d at 221.

Appeal dismissed.

JEFFREY W. BATES, J.—Concurs

DANIEL E. SCOTT, J.—Concurs

---

4. All references to statutes are to RSMo 2016, unless otherwise indicated.