I. BACKGROUND
Movant was charged with nine sex offenses involving two victims (Counts I-IX). The indictment alleges Counts I, II, and III (two counts of first-degree statutory sodomy and one count of incest, respectively) were all committed by Movant on or between April 21, 2000 and December 31, 2001. In all three counts, Movant was alleged to have had deviate sexual intercourse with J.K. by engaging in hand-to-genital contact; Count I alleged Movant touched J.K.'s genitals with his hand, Count II alleged Movant put J.K.'s hand on Movant's penis, and Count III alleged Movant placed his hand on J.K.'s genitals.[2]
Movant was also charged with Counts IV-IX (one count of first-degree statutory sodomy, four counts of first-degree child molestation, and one count of incest, respectively). Those six counts pertained to Movant's alleged sexual contact with victim J.J.[3]
A. Movant's Guilty Plea and Sentencing Hearings
On November 6, 2013, Movant appeared with plea counsel ("Counsel") to enter guilty pleas to Counts I-IX without any plea bargain.[4] Movant stated he believed it was in his best interest to plead guilty to all of the offenses, he had sufficient time to speak with Counsel, and he had no complaints as to how Counsel handled his case. Further, Movant told the court he understood his constitutional right to a trial and he would be giving up that right and corresponding rights by pleading guilty.
The prosecutor then explained if Movant's case had gone to trial, the evidence would have shown the following. For Counts I, II, and III relating to victim J.K., the charged conduct occurred between April 21, 2000 and December 31, 2001, J.K. was approximately eight years old during that timeframe, and the charged conduct constituted deviate sexual intercourse. The prosecutor explained the State would have proven that during the aforementioned timeframe: Movant touched J.K.'s genitals with his hand (the act of first-degree statutory sodomy charged in Count I); Movant put J.K's hand on Movant's penis (the act of first-degree statutory sodomy charged in Count *529 II); and Movant placed his hand on J.K.'s genitals, at a time when Movant knew J.K. was his stepchild by virtue of a marriage creating the relationship (the act of incest charged in Count III). The prosecutor also explained the State would have proven each of the specific types of alleged sexual contact underlying Counts IV-IX pertaining to victim J.J. Finally, the prosecutor further stated J.K. told the police Movant touched her in the sexual manner alleged in Counts I-III, and J.J. told a professional at the Children's Advocacy Center that Movant touched her in the sexual manner alleged in Counts IV-IX.
Movant stated he did not disagree with anything the prosecutor said, and that the prosecutor did not say anything that was not true or leave anything out. Movant then admitted he committed the conduct set forth by the prosecutor and stated he was "pleading guilty because [he] did those things[.]" Movant also stated he wanted to plead guilty and nobody was making him do it. Then, Movant acknowledged he faced up to life imprisonment for the first-degree statutory sodomy charges in Counts I, II, and IV, up to four years of imprisonment for the incest charges in Counts III and IX, and up to fifteen years of imprisonment for the first-degree child molestation charges in Counts V-VIII.
Based on the foregoing information and discussion, the court found there was a factual basis for Movant's guilty pleas to Counts I-IX, accepted the pleas, and found Movant made the pleas voluntarily and knowingly. The court ordered a sentencing assessment report and continued the matter for sentencing.
Movant's sentencing hearing took place on December 19, 2013. The court entered a judgment finding Movant guilty of Counts I-IX and sentencing him to a total of nineteen years of imprisonment.[5]
B. Movant's Rule 24.035 Motion, the Evidentiary Hearing, and the Motion Court's Judgment
Movant subsequently filed a pro se Rule 24.035 motion for post-conviction relief. The motion court did not appoint post-conviction counsel. However, an attorney from the Missouri State Public Defender's office ("post-conviction counsel") entered an appearance on behalf of Movant on December 10, 2014. The transcript of Movant's guilty plea and sentencing hearing was filed with the motion court on October 3, 2014.
Post-conviction counsel timely filed an amended motion for post-conviction relief on January 21, 2015,[6] alleging Movant was denied his right to effective assistance of *530 counsel. Specifically, Movant asserted Counsel was ineffective for failing to properly advise Movant that the hand-to-genital contact charged in Counts I-III did not fall within the applicable statutory definitions of "deviate sexual intercourse" for the entire time period alleged in those charges, and as a result, he was entitled to have his guilty pleas to Counts I-IX and his sentences for those counts vacated.
The motion court granted Movant an evidentiary hearing regarding Movant's claim. Movant testified via a deposition admitted into evidence during the evidentiary hearing, and Counsel testified at the hearing.
Thereafter, the motion court granted in part and denied in part Movant's Rule 24.035 motion. The motion court's judgment granted Movant some post-conviction relief with respect to Counts I and II (the two counts of first-degree statutory sodomy involving victim J.K.); specifically, the court modified the underlying judgment to find Movant guilty of the lesser-included offenses of first-degree child molestation, vacated the sentences for Counts I and II, and ordered resentencing as to those two counts. The motion court's judgment denied Movant post-conviction relief in all other respects. Before resentencing occurred on Counts I and II, Movant filed this appeal.[7]
II. DISCUSSION
We initially note this case involves a unique procedural posture because Movant filed his appeal before resentencing occurred on Counts I and II.[8] Movant raises one point on appeal, asserting the motion court's judgment was clearly erroneous.
A. Standard of Review and General Law
Our Court reviews a trial court's ruling on a Rule 24.035 motion for post-conviction relief only to determine if the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k); Jones v. State , 516 S.W.3d 447, 450 (Mo. App. E.D. 2017). Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. Jones , 516 S.W.3d at 450. The motion court's findings are presumed correct, and we defer to the motion court's credibility determinations. Id.
After a guilty plea, this Court's review is limited to a determination of whether the underlying plea was knowingly and voluntarily made, and counsel's alleged ineffectiveness is only relevant to the extent it affected the voluntariness of the movant's plea. Whitley v. State , 501 S.W.3d 531, 534 (Mo. App. E.D. 2016) ; see Neal v. State , 379 S.W.3d 209, 215 (Mo. App. W.D. 2012) (similarly finding). The movant has the burden of proving his claims for post-conviction relief by a preponderance of the evidence. Whitley , 501 S.W.3d at 534 ;
*531 Neal , 379 S.W.3d at 214-15 ; Rule 24.035(i). In order to prove a claim of ineffective assistance of counsel following a guilty plea, the movant must show counsel's representation fell below an objective standard of reasonableness, and as a result, the movant was prejudiced. Whitley , 501 S.W.3d at 534-35 ; Neal , 379 S.W.3d at 215. To demonstrate prejudice after a guilty plea, the movant must establish that but for his counsel's alleged unreasonable conduct, there is a reasonable probability the result of the proceeding would have been different, i.e., he would not have pled guilty. Neal , 379 S.W.3d at 215-16 (citing Strickland v. Washington , 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ); see Whitley , 501 S.W.3d at 535.
B. Movant's Claims of Error
In Movant's sole point on appeal, he contends the post-conviction relief granted by the motion court for his ineffective assistance of counsel claim pertaining to the first-degree statutory sodomy charges in Counts I and II was clearly erroneous. Movant also asserts the motion court clearly erred in refusing to grant him any post-conviction relief with respect to his ineffective assistance of counsel claim pertaining to the incest charge in Count III.
1. Whether the Motion Court's Relief with Respect to the First-Degree Statutory Sodomy Charges in Counts I and II was Clearly Erroneous
a. The Relevant Conduct Alleged in Counts I and II and the Applicable Statutes and Offenses
The indictment alleges in relevant part that Counts I and II (two counts of first-degree statutory sodomy involving J.K.) were committed by Movant on or between April 21, 2000 and December 31, 2001. In both counts, Movant was alleged to have had deviate sexual intercourse with J.K. by engaging in hand-to-genital contact; Count I alleged Movant touched J.K.'s genitals with his hand, and Count II alleged Movant put J.K.'s hand on Movant's penis. The State did not allege either instance of hand-to-genital contact involved any penetration.
Deviate sexual intercourse is a necessary element of first-degree statutory sodomy. State v. Cannafax , 344 S.W.3d 279, 284 (Mo. App. S.D. 2011) ; see 566.062.1 RSMo 2000 (first-degree statutory sodomy). For approximately the last sixteen months of the charged timeframe for Counts I and II (from August 28, 2000 to December 31, 2001), hand-to-genital contact could constitute deviate sexual intercourse for purposes of first-degree statutory sodomy regardless of whether there was any penetration. See 566.010(1) RSMo Supp. 2001 (defining "[d]eviate sexual intercourse" for purposes of first-degree statutory sodomy);[9] Cannafax , 344 S.W.3d at 284, 284 n.3 ; see also section 566.062.1 RSMo 2000.
More importantly for purposes of this appeal, for approximately the first four months of the charged timeframe for Counts I and II (from April 21, 2000 to August 27, 2000), hand-to-genital contact without any penetration could not constitute deviate sexual intercourse for purposes of first-degree statutory sodomy. See *532 section 566.010(1) RSMo Supp. 1995 (defining "[d]eviate sexual intercourse" for purposes of first-degree statutory sodomy);[10] Cannafax , 344 S.W.3d at 284, 284 n.2 ; see also State v. Paro , 952 S.W.2d 339, 340 (Mo. App. E.D. 1997) ; section 566.062.1 RSMo 2000. Nevertheless, from April 21, 2000 to August 27, 2000 (and during the entire charged timeframe of April 21, 2000 to December 31, 2001), hand-to-genital contact without penetration could constitute sexual contact for purposes of the crime of first-degree child molestation. See sections 566.067.1 RSMo Supp. 1995 and section 566.067.1 RSMo Supp. 2001 (first-degree child molestation);[11] section 566.010(3) RSMo Supp. 1995 and section 566.010(3) RSMo Supp. 2001 (defining "[s]exual contact");[12] State v. Huffman , 445 S.W.3d 76, 79-80, 80 n.4 (Mo. App. E.D. 2014). Furthermore, first-degree child molestation is a lesser-included offense of first-degree statutory sodomy. State v. Peeples , 288 S.W.3d 767, 771 (Mo. App. E.D. 2009).
b. Movant's Ineffective Assistance of Counsel Claim Regarding Counts I and II and the Post-Conviction Relief Granted by the Motion Court
Movant's Rule 24.035 motion alleged Counsel was ineffective for failing to properly advise Movant the hand-to-genital contact charged in Counts I-II did not fall within the applicable statutory definition of "deviate sexual intercourse" from April 21, 2000 to August 27, 2000. The crux of Movant's claim is that at the time of his guilty pleas, he was unaware the factual allegations contained in Counts I-II of the indictment would have been insufficient to support a conviction for the first-degree statutory sodomy offenses charged therein within the preceding time period. Movant further contended that as a result of Counsel's ineffectiveness, he was entitled to have his guilty pleas and sentences for all nine of his offenses vacated.
The motion court's judgment granted Movant some relief on his claim with respect to Counts I and II, finding the appropriate *533 remedy was to modify the underlying judgment to find Movant guilty of the lesser-included offenses of first-degree child molestation, vacate the sentences for Counts I and II, and order resentencing as to those two counts. For the reasons discussed below, the motion court's findings and conclusions are not clearly erroneous.
i. Whether Movant was Entitled to Some Relief
We find the motion court did not clearly err in concluding Movant was entitled to some relief on his ineffective assistance of counsel claim pertaining to Counts I and II, because Movant demonstrated by a preponderance of the evidence that Counsel's representation fell below an objective standard of reasonableness, and as a result, Movant was prejudiced. See Whitley , 501 S.W.3d at 534-35 ; Neal , 379 S.W.3d at 214-15 ; Rule 24.035(i). With respect to Counsel's performance, Counsel testified he did not advise Movant the alleged hand-to-genital contact in Counts I and II of the indictment could not constitute deviate sexual intercourse or first-degree statutory sodomy for approximately four months of the charged timeframe, from April 21, 2000 to August 27, 2000. The motion court found Counsel's testimony to be credible, and we defer to this determination. Jones , 516 S.W.3d at 450. In light of our discussion above regarding the relevant conduct alleged in Counts I and II and the applicable statutes and offenses, Counsel's testimony adequately demonstrated Counsel's representation fell below an objective standard of reasonableness.
Movant also sufficiently established he was prejudiced, i.e., that but for Counsel's unreasonable conduct, there was a reasonable probability the result of the guilty plea proceeding would have been different. See Whitley , 501 S.W.3d at 535 ; Neal , 379 S.W.3d at 215-16 ; see also Strickland , 466 U.S. at 687, 694, 104 S.Ct. 2052. Counsel and Movant had different takes on exactly how the result of the guilty plea proceeding would have been different. Counsel testified that had he known Movant's alleged hand-to-genital contact in Counts I and II did not constitute deviate sexual intercourse or first-degree statutory sodomy for part of the charged timeframe, he would have advised Movant to enter guilty pleas to the lesser-included offenses of first-degree child molestation because Movant would have been guilty of those crimes. On the other hand, Movant's deposition testimony indicated he would not have pled guilty to any of the crimes in his underlying case if Counsel had properly advised him about the applicable definitions of deviate sexual intercourse.
The motion court found Counsel's evidentiary testimony was credible and Movant's deposition testimony was not credible. The motion court further found "[M]ovant, who has the burden of proof in this proceeding, has failed to establish that he would not have ple[d] guilty to the crime his admissions constituted with regard to Counts I and II, the lesser-included offense of child molestation in the first degree." Additionally, the motion court found Movant failed to establish he would not have pled guilty to all nine offenses as a result of Counsel's ineffectiveness pertaining to Counts I and II. We defer to the motion court's determinations as to the credibility of Counsel's evidentiary hearing testimony and Movant's deposition testimony. See Routt v. State , 535 S.W.3d 812, 818-19 (Mo. App. E.D. 2017) ; Steger v. State , 467 S.W.3d 887, 892 (Mo. App. E.D. 2015) ; see also Jones , 516 S.W.3d at 450. In addition, we presume the motion court's findings are correct. Jones , 516 S.W.3d at 450.
*534 Based on the foregoing, Movant has failed to show Counsel's unreasonable conduct with respect to Counts I and II rendered his guilty pleas as to the other counts unknowing, unintelligent, or involuntary. See Chaney v. State , 323 S.W.3d 836, 841-42 (Mo. App. E.D. 2010) (similarly finding). Although the motion court did not clearly err in finding Movant is entitled to some post-conviction relief with respect to Counts I and II, we cannot find the motion court clearly erred in denying Movant's claim that he was entitled to have his guilty pleas and sentences for all nine offenses vacated based on the record before us.
ii. Whether the Motion Court's Chosen Relief was Appropriate
Movant contends it was not appropriate for the motion court to modify the underlying judgment to find him guilty of the lesser-included offenses of first-degree child molestation for Counts I and II, vacate the sentences for Counts I and II, and order resentencing as to those two counts. We disagree.
Rule 24.035(j) provides the motion court several options if it finds a movant is entitled to post-conviction relief. Cason v. State , 987 S.W.2d 357, 358, 358 n.2 (Mo. App. W.D. 1999) (quoting Rule 24.035(j) ("the [motion] court shall vacate and set aside the judgment and shall discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as appropriate") ) (emphasis added). "The type of relief chosen is within the motion court's discretion, and the motion court commits no error merely choosing one of the [ ] alternative remedies [set forth in Rule 24.035(j) ]." Sanders v. State , 531 S.W.3d 82, 85 (Mo. App. S.D. 2017) (internal citation and quotations omitted); see North v. State , 878 S.W.2d 66, 68 (Mo. App. W.D. 1994) and Croney v. State , 860 S.W.2d 17, 19 (Mo. App. E.D. 1993) (similarly finding with respect to a former, similar version of Rule 24.035).
"A person cannot be convicted of a crime with which the person was not charged unless it is a lesser-included offense of a charged offense." Cason , 987 S.W.2d at 358 (emphasis in original) (quoting State v. Parkhurst , 845 S.W.2d 31, 35 (Mo. banc 1992) and citing section 556.046 RSMo 2000 ). A trial court shall not, however, enter a judgment on a guilty plea unless the court determines a factual basis exists for the plea. Cason , 987 S.W.2d at 358 (citing Rule 24.02(e) and State v. Taylor, 929 S.W.2d 209, 217 (Mo. banc 1996) ). Accordingly, it is appropriate and not clearly erroneous for a motion court to correct a judgment to find a movant guilty of a lesser-included offense where, (1) the movant was charged with a greater offense; and (2) a factual basis existed for the lesser-included offense. Cason , 987 S.W.2d at 358-59 ; see Rule 24.035(j); Sanders , 531 S.W.3d at 85 ; North , 878 S.W.2d at 68 ; Croney , 860 S.W.2d at 19. For the reasons explained below, both of these circumstances are present here.
In this case, the motion court modified the underlying judgment to find Movant guilty of the lesser-included offense of first-degree child molestation for Counts I and II, and Movant was charged with the greater offense of first-degree statutory sodomy for those counts. See Peeples , 288 S.W.3d at 771 (first-degree child molestation is a lesser-included offense of first-degree statutory sodomy).
As to whether a factual basis existed for the lesser-included offense of first-degree child molestation for Counts I and II, our focus is on whether Movant understood the nature of the charges against him and not on whether a specific ritual was followed or every detail was explained. Simmons v. State , 429 S.W.3d 464, 467 (Mo. App. E.D. 2014). "A factual *535 basis exists when the defendant understands the facts recited by the judge or prosecutor and is aware of the nature of the charge[s]." Huntley v. State , 204 S.W.3d 668, 674 (Mo. App. S.D. 2006) ; see Benson v. State , 511 S.W.3d 488, 490 (Mo. App. W.D. 2017) and Walker v. State , 232 S.W.3d 586, 589 (Mo. App. E.D. 2007) (similarly finding). Additionally, the nature of the charges can be, and commonly is, provided to the movant by his plea counsel prior to the guilty plea hearing. Myers v. State , 223 S.W.3d 165, 167-68 (Mo. App. S.D. 2006).
Counts I and II in this case charged Movant with touching J.K.'s genitals with his hand and putting J.K.'s hand on Movant's penis, respectively. Because it is undisputed victim J.K. was approximately eight years old when those offenses were alleged to occur, Movant committed the crimes of first-degree child molestation with respect to J.K. if the instances of hand-to-genital contact alleged in Counts I and II fell within the definition of sexual contact. Section 566.067.1 RSMo Supp. 1995 and section 566.067.1 RSMo Supp. 2001 (first-degree child molestation); see footnote 11. Hand-to-genital contact without penetration falls within the definition of sexual contact if the touching is done for the purpose of arousing or gratifying the sexual desire of any person. See section 566.010(3) RSMo Supp. 1995 and section 566.010(3) RSMo Supp. 2001 (defining "[s]exual contact" in relevant part as, "any touching of another person with the genitals or any touching of the genitals ... of another person ... for the purpose of arousing or gratifying [the] sexual desire of any person") (emphasis added); see also Huffman , 445 S.W.3d at 79-80, 80 n.4.
At the guilty plea hearing, Movant admitted that during the charged timeframe, he committed the acts recited by the prosecutor for Count I (touching J.K.'s genitals with his hand) and for Count II (putting J.K.'s hand on Movant's penis). Movant also stated he was "pleading guilty because [he] did those things[.]" Furthermore, Counsel's testimony at the evidentiary hearing indicates that prior to the guilty plea hearing, Counsel explained to Movant the nature of the charges was that Movant committed the sexual acts for the purpose of gratifying Movant's sexual desire. The motion court found Counsel's testimony to be credible, and we defer to this determination. Jones , 516 S.W.3d at 450. Under these circumstances, the record as a whole establishes a factual basis existed for the lesser-included offenses of first-degree child molestation. See Snow v. State , 461 S.W.3d 25, 29 (Mo. App. E.D. 2015) ("[a] factual basis ... may be established on the record as a whole"); Myers , 223 S.W.3d at 167-68 (finding the record established a factual basis under similar circumstances); see also Benson , 511 S.W.3d at 490 ; Simmons , 429 S.W.3d at 467 ; Walker , 232 S.W.3d at 589 ; Huntley , 204 S.W.3d at 674.
Based on the foregoing, the motion court did not clearly err in correcting and modifying the trial court's judgment to find Movant guilty of the lesser-included offenses of first-degree child molestation for Counts I and II, vacating the sentences for those two counts, and ordering resentencing. The type of relief chosen was appropriate and was within the motion court's discretion, because Movant was charged with the greater offenses of first-degree statutory sodomy and a factual basis existed for the lesser-included offenses of first-degree child molestation. See Cason , 987 S.W.2d at 358-59 ; see also Rule 24.035(j); Sanders , 531 S.W.3d at 85 ; North , 878 S.W.2d at 68 ; Croney , 860 S.W.2d at 19. Therefore, Movant's point on appeal is denied to the extent that he claims the motion court's remedy for Counts I and II was clearly erroneous.
*536 2. Whether the Motion Court Clearly Erred in Refusing to Grant him any Post-Conviction Relief with Respect to the Incest Charge in Count III
We now turn to Movant's claim that the motion court clearly erred in refusing to grant him any post-conviction relief with respect to his ineffective assistance of counsel claim pertaining to the incest charge in Count III.
a. The Relevant Conduct Alleged in Count III and the Applicable Statutes and Offense
Count III of the indictment charged Movant with incest under section 568.020 RSMo 2000,[13] in that on or between April 21, 2000 and December 31, 2001, he "engaged in deviate sexual intercourse by placing his hand on J.K.'s genitals with J.K. whom [Movant] knew to be his stepchild by virtue of a marriage creating that relationship and which still existed at the time of [Movant's] conduct alleged herein."
Based on the allegations in Count III, deviate sexual intercourse was a necessary element of Movant's incest charge. See section 568.020.1(2) RSMo 2000 (incest). During the entire charged timeframe for Count III, hand-to-genital contact did not constitute deviate sexual intercourse for purposes of the crime of incest regardless of whether there was any penetration. See id. ; section 568.020.2(2) RSMo 2000 (defining "[d]eviate sexual intercourse" for purposes of the crime of incest as "any act of sexual gratification between persons not lawfully married to one another, involving the genitals of one person and the mouth, tongue or anus of another ") (emphasis added). Furthermore, unlike the crime of first-degree statutory sodomy, we can find no legal authority providing there is a lesser-included offense of incest. Cf. State v. Morris , 523 S.W.2d 329, 332 n.1 (Mo. App. 1975) (common assault is not a lesser-included offense of incest); 41 Am. Jur. 2d Incest section 8 (February 2018 update) and 42 C.J.S. Indictments section 331 (March 2018 update) (neither rape nor statutory rape is a lesser-included offense of incest).
b. Movant's Ineffective Assistance of Counsel Claim Regarding Count III and the Motion Court's Denial of Post-Conviction Relief
In this case, Movant's Rule 24.035 motion alleged Counsel was ineffective for failing to properly advise Movant that the hand-to-genital contact charged in Count III did not fall within the applicable statutory definition of "deviate sexual intercourse" for the entire time period alleged in Count III. The crux of Movant's claim is that at the time of his guilty plea, he was unaware the factual allegations contained in Counts III of the indictment would have been insufficient to support a conviction for incest. Movant further contended that as a result of Counsel's ineffectiveness, he was entitled to have his guilty pleas and sentences for all nine of his offenses vacated.
The motion court's judgment found "[M]ovant's claim is totally without merit as to Count III because the facts to which [M]ovant admitted constituted the crime of incest during the relevant time period." This finding is clearly erroneous.
At the guilty plea hearing, Movant admitted that during the charged timeframe, he committed the acts recited by the prosecutor with respect to Count III (placing his hands on J.K.'s genitals at a time when Movant knew J.K. was his stepchild by virtue of a marriage creating the relationship). However, as conceded by the State, *537 hand-to-genital contact did not constitute deviate sexual intercourse for purposes of the crime of incest during the entire charged timeframe for Count III. See sections 568.020.1(2) and 568.020.2(2) RSMo 2000. The State also concedes "[t]he motion court apparently was mistaken in [finding] that the facts to which [Movant] admitted constituted incest throughout the relevant time period." Based upon our discussion in the previous subsection, we agree with the State's concessions.
Moreover, Movant was entitled to some relief on his ineffective assistance of counsel claim pertaining to Count III, because Movant demonstrated by a preponderance of the evidence that Counsel's representation fell below an objective standard of reasonableness, and as a result, Movant was prejudiced. See Whitley , 501 S.W.3d at 534-35 ; Neal , 379 S.W.3d at 214-15 ; Rule 24.035(i). With respect to Counsel's performance, Counsel testified he did not advise Movant the alleged hand-to-genital contact in Count III of the indictment could not constitute deviate sexual intercourse or incest for the charged timeframe. The motion court found Counsel's testimony to be credible, and we defer to this determination. Jones , 516 S.W.3d at 450. Accordingly, Movant adequately demonstrated Counsel's representation fell below an objective standard of reasonableness.
Movant also sufficiently established he was prejudiced, i.e., that but for Counsel's unreasonable conduct, there was a reasonable probability the result of the guilty plea proceeding would have been different. See Whitley , 501 S.W.3d at 535 ; Neal , 379 S.W.3d at 215-16 ; see also Strickland , 466 U.S. at 687, 694, 104 S.Ct. 2052. Counsel testified that had he known Movant's alleged hand-to-genital contact did not constitute deviate sexual intercourse or incest for the charged timeframe, he would not have advised Movant to plead guilty to Count III. The State even concedes, "[a]s for Count III, incest, it admittedly appears unlikely that [Movant] would have pleaded guilty if his conduct did not constitute incest or any lesser-included offense to that charge."
In sum, the facts Movant admitted to at the plea hearing with respect to Count III do not establish the commission of the crime of incest, and Movant established Counsel was ineffective for failing to properly advise him as to Count III. Accordingly, the motion court clearly erred in failing to give Movant any post-conviction relief with respect to Count III. See Snow , 461 S.W.3d at 31-32 ; see also Whitley , 501 S.W.3d at 534-35 ; Neal , 379 S.W.3d at 215. Nevertheless, as discussed in detail with respect to Movant's ineffective assistance of counsel claim pertaining to Counts I and II, Movant did not meet his burden to show he would not have pled guilty to all of his offenses but for any ineffectiveness on the part of Counsel, and the motion court found Movant's claim in this regard was not credible.
Based on the foregoing, and because there is no lesser-included offense of incest, we hold Movant is entitled to have his guilty plea and sentence for Count III only vacated and set aside. See Snow , 461 S.W.3d at 31-32 (granting a movant similar relief where the facts he admitted to at the plea hearing did not establish the crime with which he was charged); Cason , 987 S.W.2d at 358 ("[a] person cannot be convicted of a crime with which the person was not charged unless it is a lesser-included offense of a charged offense") (emphasis in original) (quoting Parkhurst , 845 S.W.2d at 35 and citing section 556.046 RSMo 2000 ). In sum, Movant's point on appeal is granted to the extent he claims the motion court clearly erred in failing to grant him any relief for Count III, but Movant's point is denied to the extent he *538 contends he is entitled to have his guilty pleas and sentences for all of his offenses vacated as a result of his ineffective assistance of counsel claim pertaining to Count III.
III. CONCLUSION
We affirm the portion of the motion court's judgment granting Movant post-conviction relief with respect to Counts I and II, and we affirm the portion of the judgment denying Movant's claim that he was entitled to have his guilty pleas and sentences for all nine offenses vacated. We reverse the portion of the motion court's judgment denying Movant post-conviction relief with respect to Count III, and we remand with instructions for the motion court to vacate and set aside Movant's guilty plea and sentence as to that count only and to resentence Movant as to Counts I and II.
Gary M. Gaertner, Jr., P.J., and Angela T. Quigless, J., concur.

Counts I and II also alleged Movant committed the hand-to-genital contact when J.K. was less than twelve years old. Count III additionally alleged Movant committed the hand-to-genital contact at a time Movant knew J.K. was his stepchild by virtue of a marriage creating the relationship.

The specific types of alleged sexual contact underlying Counts IV-IX are not relevant to this appeal, and therefore, will not be discussed in this opinion.

In other words, Movant made what is referred to as an "open" or "blind" plea.

The trial court sentenced Movant to fifteen years of imprisonment on Counts I-II and IV-VIII and to four years of imprisonment on Counts III and IX. The trial court ordered the fifteen-year sentences to run concurrently with each other and the four-year sentences to run concurrently with each other. The trial court also ordered the fifteen-year sentences to run consecutively with the four-year sentences.

Where, as in this case, an appellant files a Rule 24.035 motion, the motion court does not appoint post-conviction counsel, and no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion must be filed within sixty days of "the date both a complete transcript [consisting of the guilty plea and sentencing hearing] has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 24.035(g)(2); see Rule 24.035(g)(1). In addition, "[t]he court may extend the time for filing the amended motion for one additional period not to exceed thirty days." Rule 24.035(g). Here, post-conviction counsel entered an appearance on behalf of Movant on December 10, 2014, after the complete transcript of Movant's guilty plea and sentencing hearing was filed. As sixty days from December 10, 2014 fell on Sunday, February 8, 2015, Movant's amended motion was due on or before Monday, February 9, 2015. See Missouri Supreme Court Rule 44.01(a) (2013).

To avoid unnecessary repetition, Movant's deposition testimony that was admitted into evidence at the evidentiary hearing, Counsel's testimony at the evidentiary hearing, and the motion court's specific findings and conclusions will be set forth in relevant part in Section II.B. of this opinion.

The motion court's judgment in this case is final and appealable because it contains findings of fact and conclusions of law on all issues presented as is required by Rule 24.035(j). See Brooks v. State , 242 S.W.3d 705, 708 (Mo. banc 2008) (similarly finding). Furthermore, "[w]here the motion court determines that the movant is to be resentenced, as in this case, that issue is decided, and the fact that resentencing has not occurred prior to the appeal being filed does not cause the motion court's judgment to be interlocutory." Id.

All statutory references to section 566.010 RSMo Supp. 2001 incorporate 2000 amendments and was the version of the statute effective from August 28, 2000 to August 27, 2002. Section 566.010(1) RSMo Supp. 2001 defined "[d]eviate sexual intercourse" as "any act involving the genitals of one person and the hand , mouth, tongue, or anus of another person or a sexual act involving the penetration , however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person[.]" (emphasis added).

All statutory references to section 566.010 RSMo Supp. 1995 incorporate 1994 amendments and was the version of the statute effective from January 1, 1995 to August 27, 2000. Section 566.010(1) RSMo Supp. 1995 defined "[d]eviate sexual intercourse" as "any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration , however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person[.]" (emphasis added).

All statutory references to section 566.067.1 RSMo Supp. 1995 incorporate 1994 amendments. All statutory references to section 566.067.1 RSMo Supp. 2001 incorporate 2000 amendments. Because of the effective dates of section 566.067.1 RSMo Supp. 1995 (January 1, 1995 to August 27, 2000) and section 566.067.1 RSMo Supp. 2001 (effective August 28, 2000 to June 4, 2006), there were two different versions of the first-degree child molestation statute that applied to the charged timeframe in Counts I and II (April 21, 2000 to December 31, 2001). For purposes of this appeal, the only difference between the two versions is the age of the victim; section 566.067.1 RSMo Supp. 1995 made it a crime to subject a person less than twelve years of age to sexual contact, whereas section 566.067.1 RSMo Supp. 2001 made it a crime to subject a person less than fourteen years of age to sexual contact. This difference is immaterial for purposes of this appeal, because it is undisputed victim J.K. was approximately eight years during the charged timeframe in Counts I and II.

Section 566.010(3) RSMo Supp. 1995 and section 566.010(3) RSMo Supp. 2001 defined "[s]exual contact" in relevant part as, "any touching of another person with the genitals or any touching of the genitals ... of another person ... for the purpose of arousing or gratifying [the] sexual desire of any person[.]" (emphasis added).

All statutory references to section 568.020 RSMo 2000 incorporate 1979 amendments and was the version of the statute effective from June 15, 1979 to June 4, 2006.