

# Missouri Court of Appeals
## Southern District

### In Division

JAMAAL J. WALLS,                          )
                                          )
    Movant-Appellant,            )
                                          )
    v.                           )    Nos. SD37227, 37228
                                          )
STATE OF MISSOURI,                        )    **Filed:  November 17, 2022**
                                          )
    Respondent-Respondent.       )

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

The Honorable Eric D. Eighmy, Judge

**<u>AFFIRMED</u>**

Jamaal J. Walls ("Movant") was charged in two separate criminal cases with, among other charges, the class B felony of burglary in one case and the class E felony of failure to appear in the other case.  Per the terms of negotiated plea agreements, Movant pleaded guilty to those charges,[1] was sentenced to consecutive terms of fifteen years' and four years' imprisonment, respectively, and placed in the long-term substance abuse treatment program.  *See* section 217.362.[2]  It is undisputed that the written judgment in the burglary case ("the burglary

---

[1] All other charges in the burglary case were dismissed per the terms of the negotiated plea agreement.

[2] All statutory references are to RSMo 2016.

judgment") erroneously classified Movant as a dangerous offender.  *See* section 558.016, RSMo Cum.Supp. 2017.

Movant thereafter timely filed separate amended motions to "vacate, set aside or correct [the] judgment[s] and sentence[s] under Supreme Court Rule 24.035" in each case.[3]  Among the claims raised in those motions, including various ineffective-assistance-of-counsel ("IAC") claims that are not relevant here, Movant asserted in the amended motion in the burglary case that, because he was erroneously labeled as a dangerous offender in the burglary judgment, he "was denied his right to due process of law and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution."

---

[3] All rule references to Rule 24.035 are to Missouri Court Rules (2020); however, all other rule references are to Missouri Court Rules (2022).  We have independently verified the timeliness of Movant's post-conviction motions.  *See* ***Moore v. State***, 458 S.W.3d 822, 825-26 (Mo. banc 2015); ***Dorris v. State***, 360 S.W.3d 260, 268 (Mo. banc 2012).  In ***Walls v. State***, 616 S.W.3d 531, 532, 533-34 (Mo. App. S.D. 2021), this Court determined Movant's *pro se* motions were due on November 13, 2018, but reversed the motion court's judgments and remanded the cases with instructions to make additional findings of fact on whether Movant's *pro se* motions were correctly deposited in the mail on or before November 13, 2018.  On remand, the motion court found Movant placed his *pro se* motions in the mail, correctly addressed and with sufficient postage, on or before November 13, 2018.  No party challenges these factual findings in this appeal with the result that Movant's *pro se* motions were timely filed.  The motion court appointed counsel on December 5, 2018, and the transcript of the guilty plea and sentencing was filed on June 6, 2019, making Movant's amended motions initially due on August 2, 2019 (within sixty days of the date counsel was appointed and a complete transcript of the guilty plea and sentencing has been filed).  Rule 24.035(g).  On August 1, 2019, the motion court granted "thirty additional days" to file the amended motions, extending the due date of the amended motions to September 1, 2019, which was the Sunday of Labor Day weekend.  Appointed counsel timely filed Movant's amended motions on Tuesday, September 3, 2019.  Rule 44.01(a).

Following an evidentiary hearing, the motion court entered identical judgments in each post-conviction relief case addressing both of Movant's amended Rule 24.035 motions. Movant's due process claim was resolved on the first page of the judgments as follows: "By agreement of the parties, and pursuant to Supreme Court Rule 29.12(c), the Court orders that the 'dangerous offender' language be removed from the [burglary judgment]. . . . The Court denies Movant's request for the judgments to be vacated or set aside." The motion court then went on to discuss and deny each of Movant's IAC claims. On the last page of the judgments, the motion court provided the following ruling: "For the reasons stated above, the Court hereby OVERRULES Movant's Amended Motions."

Movant timely appeals the motion court's judgments.[4] Because Movant identifies no clear error by the motion court, we affirm.

Movant's sole point focuses only on his misclassification as a dangerous offender in the burglary judgment. Although he acknowledges that the motion court granted him relief by removing the erroneous language, Movant contends that the motion court "clearly erred in refusing to grant the requested relief of vacating or setting aside [his] guilty pleas . . . ." According to Movant, "[he] would not have pleaded guilty had he known that he would be erroneously classified as a dangerous offender, and removing the erroneous language is not sufficient because [he] was forced to leave the treatment program to be able [to] seek redress in the courts."[5] In the argument portion of his brief, Movant states that, during the evidentiary

---

[4] By written order, this Court consolidated those two appeals "**for all purposes**[.]" Under Rule 24.035(k), the document sustaining or overruling a post-conviction relief motion need not meet the denomination or signature requirements of Rule 74.01(a).

[5] We also note Movant's premise for this argument is faulty. Movant does not allege that, at the time of Movant's guilty pleas, the trial court secretly intended to include, or anticipated including, an erroneous

hearing, he tried to explain that "it was too late to remove the erroneous language because he had already had to leave the treatment program to file a Form 40" but that "the court kept cutting him off to say that it was already taken care of" and that "[n]either the court, the prosecutor, nor [his] own attorney seemed to understand the point he was making."

As relevant here, Rule 24.035 governs motions for relief from a felony conviction following a guilty plea. Under that rule, if a motion court finds that a movant is entitled to relief, "the court shall vacate and set aside the judgment and shall discharge the movant or resentence the movant or order a new trial *or correct the judgment and sentence as appropriate*." Rule 24.035(j) (emphasis added). Movant concedes that "'[t]he type of relief chosen is within the motion court's discretion, and the motion court commits no error merely choosing one of the [] alternative remedies [set forth in Rule 24.035(j)].'" *Jeffcott v. State*, 551 S.W.3d 525, 534 (Mo. App. E.D. 2018) (quoting *Sanders v. State*, 531 S.W.3d 82, 85 (Mo. App. S.D. 2017)).

According to Movant, *Jeffcott* has no application here because "[t]his is not a choice of remedies case." Movant argues that "[t]he first and last pages of the motion court's judgment make clear that the court actually granted *no* relief in the Rule 24.035 actions but instead exercised its authority under Rule 29.12 to correct clerical errors." Rule 29.12(c), which was cited by the motion court, provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders."

_____

classification as a dangerous offender in the burglary judgment. As the designation was erroneously included in the judgment, it was neither intentional nor anticipated by the trial judge, the State, or Movant's counsel. As a result, there is no information Movant could have or should have been informed of at the time of his guilty pleas that he now can claim would have deterred him from entering pleas of guilty.

Movant, however, fails to explain and cites no legal authority or argument supporting his implicit proposition that the relevant relief as provided by Rule 24.035(j)—that the motion court may "correct the judgment and sentence as appropriate"—differs substantively from or cannot encompass or allow for the relevant relief as provided by Rule 29.12(c)—that "[c]lerical mistakes in judgments . . . may be corrected by the court." "When an appellant cites no authority and offers no explanation why precedent is unavailable, appellate courts consider the point waived or abandoned." *Shaw v. State*, 636 S.W.3d 596, 602 (Mo. App. W.D. 2021) (internal quotations and citation omitted).

Movant's argument fares no better even if we assume, without deciding, that the relevant principle espoused in *Jeffcott*—that the motion court commits no error in choosing one of the alternative remedies available in Rule 24.035(j)—has no application here. This is because appellate review of the motion court's "action on the motion filed under this Rule 24.035 shall be *limited* to a determination of whether the *findings* and *conclusions* of the trial court are clearly erroneous." Rule 24.035(k) (emphasis added). In this case, however, the motion court's judgment contains no findings of fact or conclusions of law regarding Movant's due process claim. As to that claim, the judgment indicated only that the dangerous offender language was ordered removed pursuant to Rule 29.12(c) and that Movant's request for the judgments to be vacated or set aside was denied. In other words, the judgment indicated only the selected and rejected remedies.

To the extent that Movant asserts that the motion court did not "understand" his due process claim, it was Movant's burden to undertake the required procedure to correct any resulting defect in the judgment—including, as is the case here, a lack of reviewable findings and conclusions—prior to appeal. Rule 24.035(j) mandates that the motion court issue findings of

5

fact and conclusions of law "on all issues presented" and that Rule 78.07(c) "shall apply" to the proceedings. Rule 78.07(c) requires that "allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, *must* be raised in a motion to amend the judgment in order to be preserved for appellate review." (Emphasis added.) "The purpose of Rule 78.07(c) is to ensure that complaints about the form and language of judgments are brought to the attention of the trial court where they can be easily corrected, alleviating needless appeals, reversals, and rehearings." **Hicks v. State**, 605 S.W.3d 95, 100 (Mo. App. S.D. 2020) (internal quotation marks and citation omitted).

Here, despite attempts by Movant during the evidentiary hearing to raise issues that, according to him, were essential to his due process claim, the motion court ultimately did not address those issues in its judgment. Movant, nevertheless, failed to file a Rule 78.07(c) motion requesting the motion court to amend that judgment accordingly. Consequently, Movant failed to preserve the issues in question for appellate review. *See* Rule 78.07(c).

For all of the foregoing reasons, the motion court's judgment is affirmed.


JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

DON E BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

6